1 | Jeremy T. Naftel, State Bar No. 185215
jnaftel@cdflaborlaw.com
2 | Corey J. Cabral, State Bar No. 286712
ccabral@cdflaborlaw.com
3 | CAROTHERS DISANTE & FREUDENBERGER LLP
900 University Avenue, Suite 200
4 | Sacramento, California 95825
Telephone:  (916) 361-0991
5 | Facsimile:  (916) 570-1958

6 | Attorneys for Defendant
MEDIC AMBULANCE SERVICE, INC.

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10 |

11 | MEGHAN SILVA, on behalf of herself and
others similarly situated,

           Case No.   17-444

12 |       Plaintiff,

**CLASS ACTION**

13 |     vs.

**DEFENDANT MEDIC AMBULANCE
SERVICE, INC.'S NOTICE OF
REMOVAL OF ACTION TO FEDERAL
COURT PURSUANT TO 28. U.S.C.
SECTION 1441 (b)**

14 | MEDIC AMBULANCE SERVICE, INC., and
DOES 1 through 50, inclusive,

15 |

16 |       Defendants.

Complaint Filed:   February 24, 2017
FAC Filed:          March 2, 2017

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1207265.1

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT PURSUANT
TO 28. U.S.C. SECTION 1441 (b)

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF CALIFORNIA**:

PLEASE TAKE NOTICE THAT Defendant Medic Ambulance Service, Inc. (hereinafter "Medic Ambulance"), by and through its attorney of record, hereby remove the state-court action described below from the Superior Court of the State of California for the County of Solano to the United States District Court for the Eastern District of California, based on the original jurisdiction conferred on this Court by Section 301 of the Labor Management Relations Act ("LMRA"), codified in relevant part at 29 U.S.C. Section 185.  Medic Ambulance's Notice of Removal is supported by the Declaration of James Pierson and the supporting papers and exhibits filed herewith.

## I.  SUMMARY OF PLEADINGS FILED TO DATE

1.  On or about February 24, 2017, Meghan Silva (née Roath) ("Plaintiff") filed a civil action in the Superior Court of the State of California in and for the County of Solano entitled *Meghan Silva v. Medic Ambulance Service, Inc., and DOES 1 through 50, inclusive*, (hereinafter, the "Original Complaint"), which the Superior Court assigned to the Honorable Judge Paul L. Beeman as Case No. FCS048440 (hereinafter "the State Court Action").

2.  On or about March 2, 2017, Plaintiff filed a First Amended Complaint in the State Court Action.

3.  On March 26, 2017, Medic Ambulance was served with the Summons and First Amended Complaint, a true and correct copy of which is attached hereto as **Exhibit A**.

4.  True and correct copies of the documents served on Medic Ambulance with Summons and First Amended Complaint are attached collectively hereto as **Exhibit B**, which are as follows:  Summons and Original Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.  Medic Ambulance was not previously served with these documents.

5.  This Notice of Removal is being filed less than one (1) year after the State Court Action was commenced and within thirty (30) days of service on Defendant of the Summons,

/ / /

Carothers DiSante &
Freudenberger LLP

1207265.1

2

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT PURSUANT
TO 28. U.S.C. SECTION 1441 (b)

1 Original Complaint, and First Amended Complaint, which was the first time they ascertained that

2 the State Court Action was removable based on original jurisdiction.

3       6.      On April 20, 2017, Medic Ambulance filed its Answer to Plaintiff's First Amended

4 Complaint, a true and correct copy of which is attached hereto as **Exhibit C**.

5       7.      On April 20, 2017, Medic Ambulance also timely filed a Peremptory Challenge to

6 Judge  Paul L. Beeman, a true and correct copy of which is attached hereto as **Exhibit D**.

7       8.      The documents attached hereto as **Exhibits A through D** constitute all process,

8 pleadings, and orders received by, served on, or filed by Medic Ambulance in the State Court

9 Action.

10       9.      Plaintiff's First Amended Complaint asserts claims on behalf of a putative class of

11 persons, defined as follows:  "All individuals who are currently employed, or formerly have been

12 employed, as full-time and regular part-time Emergency Medical Technicians[,] Paramedics,

13 Dispatchers, and Supply Service Technicians performing work at Medic Ambulance Service, Inc.'s

14 Solano County, California, locations at any time within four years prior to the filing of this

15 complaint until resolution of this action."  See First Amended Compl. ¶ 19.  The First Amended

16 Complaint asserts a claim under California's Labor Code Section 226.7 and Industrial Welfare

17 Commission ("IWC") Wage Orders (unpaid rest break premiums) and derivative claims under

18 Labor Code Sections 226 (non-compliant wage statements) and 203 (untimely or incomplete final

19 payment of wages), and California Business and Professions Code Sections 17200, et seq. (unfair

20 competition).

21                         **II.  THIS COURT HAS ORIGINAL JURISDICTION**

22       10.      The above-described action is one of which this Court has original jurisdiction under

23 28 U.S.C. § 1331, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441, in

24 that it is a civil action that arises under the Constitution, treaties or laws of the United States.

25 Specifically, one or more of Plaintiff's claims is completely preempted by and, thus, arises under

26 Section 301 of the Labor Management Relations Act ("LMRA"), codified in relevant part at

27 29 U.S.C. Section 185.  See *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23,

28 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("The preemptive force of § 301 is so powerful as to

Carothers DiSante &
Freudenberger LLP

1207265.1

3

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT PURSUANT
TO 28. U.S.C. SECTION 1441 (b)

displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' "); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988) (explaining that federal preemption under § 301 assures that CBA grievances "remain firmly in the arbitral realm.").

11.     Plaintiff and the former employees in the putative class were subject to a collective bargaining agreement (the "CBA" or "Agreement") between Medic Ambulance and the United Emergency Medical Services Workers, Local 4911, AFSME, AFL-CIO (the "Union"), which current employees in the putative class remain subject to.  Declaration of James Pierson ("Pierson Decl."), filed concurrently herewith, at ¶ 1, Exh. 1, at p. 1, ¶ 1.1 (the Union is "the sole and exclusive bargaining representative for the work performed by all full-time and regular part-time Emergency Medical Technicians (EMTs), Paramedics, Dispatchers and SSTs performing work at or from the Employer's facilities in Solano County, excluding all other employees"); Id., at p. 34 ("This Agreement shall remain in full force and effect from . . . April 26, 2014 through and including April 25, 2021.").  Plaintiff's failure to identify the CBA in her First Amended Complaint cannot prevent removal.  *Cavallaro v. UMass Mem. Healthcare, Inc.* 678 F.3d 1, 5 (1st Cir. 2011) ("The interrelationship of the state claims and a CBA cannot be avoided merely by refusing to identify the CBA in the complaint and citing the well pleaded complaint rule.  If a plaintiff's refusal to identify a CBA controlled, removal under section 301 could always be defeated by artful pleading."); see also, *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir.2000).

12.     The claims in Plaintiff's First Amended Complaint are completely preempted by the LMRA, and thus federal jurisdiction is proper, because the legal character of Plaintiff's action is predicated on rights negotiated, bargained for, and agreed to by Medic Ambulance and the Union, resulting in the ratification of the CBA.  See *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007).  The first cause of action in Plaintiff's First Amended Complaint is based solely on the allegation that Medic Ambulance required her and the putative class members "to take rest breaks while on call."  See First Amended Compl. ¶ 32.  The provision of rest periods that are not "on call" is not a non-negotiable right conferred on employees as a matter of law.  See *Augustus v.*

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28. U.S.C. SECTION 1441 (b)

1  *ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 275, 385 P.3d 823, 833 (2016), as modified on denial of

2  reh'g (Mar. 15, 2017) ("whether on-call time constitutes work . . . [depends] on the level of control

3  the employer exercises over its employees during that time and whether that level of control

4  prevents employees from using the time effectively for their own purposes."); *California State*

5  *Legislative Bd. v. Mineta*, 328 F.3d 605, 606 (9th Cir. 2003) (rest periods are not rendered

6  insufficient simply because they are interrupted by a call).  As such, Medic Ambulance and the

7  Union were permitted to negotiate for fully compensable time at "post" and "down time" that

8  would constitute rest periods during which employees may be interrupted by calls, for which they

9  would receive premium wages if an interruption resulted in the non-provision of a compliant rest

10  period.  See, Pierson Decl., at ¶ 1, Exh. 1, pp. 14-15, 33.  Plaintiff's claim that Medic Ambulance

11  failed to provide rest periods simply because they were on call is thus dependent on the rights set

12  forth in the CBA regarding time at "post," "down time," and interruptions due to calls.  Based on

13  the foregoing, the claims in Plaintiff's First Amended Complaint are completely preempted by the

14  LMRA, and federal jurisdiction is proper.

15  13.  Further, the claims in Plaintiff's First Amended Complaint are completely

16  preempted by the LMRA and federal jurisdiction is proper because the claims are dependent on and

17  intertwined with the provisions of the CBA to such an extent that resolution of Plaintiff's claims

18  will necessarily require judicial interpretation of the CBA.  See *Burnside v. Kiewit Pacific Corp.*,

19  491 F.3d 1053, 1060 (9th Cir. 2007); see also *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d

20  683, 689 (9th Cir.2001) (en banc) (citing *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct.

21  1904, 85 L.Ed.2d 206 (1985) (Section 301 preemption applies to cases whose resolution is

22  "substantially dependent upon analysis of the terms of an agreement made between the parties in a

23  labor contract"); *Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F.Supp.3d 932, 951

24  (C.D. Cal. 2014) (citing *Allis–Chalmers*, 471 U.S. at 213, 105 S.Ct. 1904) ("[A] state law claim

25  will be preempted if it is so 'inextricably intertwined' with the terms of a labor contract that its

26  resolution will require judicial interpretation of those terms.").  The first cause of action in

27  Plaintiff's First Amended Complaint alleges that Medic Ambulance violated Labor Code

28  Section 226.7 and IWC Wage Order No. 4, which Plaintiff claims to govern the work of the

Carothers DiSante &
Freudenberger LLP

1207265.1

5

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT PURSUANT
TO 28. U.S.C. SECTION 1441 (b)

putative class members and herself, by requiring them "to take rest breaks while on call" and "refus[ing] to pay the premium payments required" for the alleged violations.  See First Amended Compl. ¶¶ 32-34.  The remaining causes of action Plaintiff's First Amended Complaint are derivative of her first cause of action.  These causes of action are "substantially dependent" on and "inextricably intertwined" with various provisions of the CBA, including but not limited to:

a. The provisions of the CBA defining and pertaining to full-time and regular part-time employees, shifts, scheduling, and shift bidding.  See, e.g., Pierson Decl., at ¶ 1, Exh. 1, at pp. 13-14.  Such provisions must be analyzed and interpreted to resolve the scope of the putative class Plaintiff purports to represent because the putative class is comprised of such employees.  See First Amended Compl. ¶ 19.

b. The provisions of the CBA addressing the scope and nature of work performed by Plaintiff and the putative class members.  See, e.g., Pierson Decl., at ¶ 1, Exh. 1, at p. 1 ("The Employer and the Union recognize that the duties performed by employees involve life and death situations"); Id., at p. 29 ("Failure to immediately transport patients to hospital and/or other designated medical facilities, and respond from hospitals and other medical facilities to patients, can result in compounding the problems of already ill and/or injured patients").  Such provisions must be analyzed and interpreted to resolve whether Plaintiff's first cause of action properly rests upon Wage Order No. 4, which applies to professional, technical, clerical, mechanical and similar occupations, instead of Wage Order No. 9, which applies to ambulance drivers and other employees in the transportation industry, or a separate Wage Order altogether.

c. The provisions of the CBA addressing and defining rest periods, providing for an hour of pay at the employee's "regular rate of compensation" for each workday that a rest period is not provided, and regarding the applicable law.  See, e.g., Pierson Decl., at ¶ 1, Exh. 1, at pp. 14-15 ("Due to the nature of the business, employees on a rest period may be interrupted for all calls or requests for service. . . .  Time at 'post' will be considered as rest periods. . . .  'Down time' . . . will be considered as

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT PURSUANT
TO 28. U.S.C. SECTION 1441 (b)

paid rest periods."); Id., at p. 2 ("The foregoing provisions shall be subject to applicable provisions of federal and state laws."); Id., at p. 33 (Medic Ambulance and the Union "acknowledge that during negotiations which resulted in this Agreement, each party had the unlimited right and opportunity to make demands and proposals with respect to any subject or matter not removed by law from the area of collective bargaining."). Such provisions must be analyzed and interpreted to resolve whether Medic Ambulance authorized and permitted compliant rest periods during time at "post" or "down time," whether such time was compensable as hours worked, the degree of control Medic Ambulance maintained over the employees during such time, and whether Plaintiff and the putative class negotiated and bargained for special compensation during such time. See, *Adames v. Executive Airlines, Inc.*, 258 F.3d 7, 12 (1st Cir.2001), cited with approval in *Firestone v. So. Cal. Gas Co.*, 281 F.3d 801, 802 (9th Cir.2002) (state law must yield to federal law if (1) the CBA addresses the same subjects of the statutory language and (2) the meaning of the statutory language as applied to the terms of the CBA is unclear.).

    d.    The provisions of the CBA addressing wages, hours of work, working conditions, meal periods, and arbitration. In her First Amended Complaint, Plaintiff does not allege that she and the putative class members were or are non-exempt employees, thus such provisions must be analyzed and interpreted to resolve the issue of whether Plaintiff has standing to assert her claims. See, e.g., Labor Code §§ 226.7(e), 512(e) and (4). Resolution of Plaintiff's standing will also depend on resolution of what IWC Wage Order or Orders apply to Plaintiff and the putative class members.

    e.    The provisions of the CBA addressing the various wages and rates of pay of covered employees. Such provisions must be analyzed and interpreted to identify Plaintiff's and the putative class members' rates of pay as they may be applicable to the claims in the First Amended Complaint. *Adames*, 258 F.3d at p. 15 (1st Cir. 2001) (finding it impossible to assess the remedy for employees required to work through a

Carothers DiSante &
Freudenberger LLP

1207265.1

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT PURSUANT
TO 28. U.S.C. SECTION 1441 (b)

1    statutory meal period without interpreting the Agreement to establish what the

2    applicable regular rate would be.); *McKinley v. Sw. Airlines Co.*, No. CV 15-02939-

3    AB JPRX, 2015 WL 2431644, at *6 (C.D. Cal. May 19, 2015), aff'd, No. 15-56010,

4    2017 WL 676597 (9th Cir. Feb. 21, 2017) ("the Court would need to examine the

5    CBA's various provisions to calculate Plaintiff's regular rate.").

6    f.    The provisions of the CBA relating to the applicable law and the arbitration and

7    grievance procedure. See, e.g., Pierson Decl., at ¶ 1, Exh. 1, at p. 4 ("The purpose

8    of the grievance procedure is to facilitate a timely means of adjustment by the

9    Employer and the Union . . . of any dispute arising from the interpretation or

10    application of any terms of this agreement and/or disputes concerning working

11    conditions, benefits or wages."); Id., at p. 5 ("In case of failure of the parties to settle

12    the grievance . . . the Union shall be entitled to request that the grievance be referred

13    to arbitration or Federal Mediator" and "[t]he arbitrator's decision shall be final and

14    binding on the Employer, the Union, and the employee(s) involved."); Id., at p. 33

15    (the parties negotiated "subject or matter not removed by law from the area of

16    collective bargaining.").  Such provisions must be analyzed and interpreted to

17    resolve Plaintiff's claims in support of her fourth cause of action and for attorneys'

18    fees in which she alleges that Medic Ambulance's alleged conduct denied her and

19    the putative class members "the valuable benefit of protection by California's wage

20    and hour laws and regulations," enabled it "to gain an unfair competitive advantage

21    over law-abiding employers and competitors," and can only be prevented by

22    "injunctive relief," in addition to her claims that there is "a financial burden

23    involved in pursuing" the action and the "action is seeking to vindicate a public

24    right."  See First Amended Compl. ¶¶ 50-59.

25    g.    The provisions of the CBA that are related to working conditions, wages, the

26    applicable law, and how the negotiating and bargaining process resulted in

27    ratification of the Agreement. See, e.g., Pierson Decl., at ¶ 1, Exh. 1, at p. 33 (the

28    parties negotiated "subject or matter not removed by law from the area of collective

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1207265.1

8

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT PURSUANT
TO 28. U.S.C. SECTION 1441 (b)

1   bargaining.").  Such provisions must be analyzed and interpreted to resolve

2   Plaintiff's first, second, and third causes of action in which she alleges that Medic

3   Ambulance "knowingly and willfully" failed to authorize and permit rest periods or

4   pay premium wages, "knowingly and intentionally" provided non-compliant wage

5   statements, "willfully" refused to pay all wages earned, and engaged in "unfair and

6   fraudulent" practices and acts.  See First Amended Compl. ¶¶ 32, 34, 38, 44.

7   h.   The provisions of the CBA addressing rest periods, severability, and modifications

8   to the Agreement.  See, e.g., Pierson Decl., at ¶ 1, Exh. 1, at p. 33 ("Should any

9   provision of this Agreement be declared illegal or unenforceable by any court . . .

10   [s]uch provision shall immediately become null and void, and shall cause the parties

11   to meet and negotiate replacement provisions."); Ibid. (No modification to the CBA

12   "shall become valid, binding, or of any force or effect unless mutually agreed to, in

13   writing, by the Employer and the Union.").  Such provisions must be analyzed and

14   interpreted to resolve whether the court can accord the injunctive relief Plaintiff

15   seeks without joinder of the Union, whether resolution of the action will impair or

16   impede the Union's interests, and whether resolution of the action will subject

17   Medic Ambulance to substantial risk of incurring inconsistent obligations because of

18   the Union's interest.  See FRCP Rule 19(a).

19   14.   The Court also has supplemental jurisdiction over any of Plaintiff's remaining state

20   law claims pursuant to 28 U.S.C. § 1367, in that such claims "are so related to claims in the action

21   within such original jurisdiction that they form part of the same case or controversy under Article

22   III of the United States Constitution."  28 U.S.C. § 1367(a).  See, e.g., *Aguilera v. Pirelli*

23   *Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000) ("We conclude that the appellants'

24   breach of contract claims cannot be resolved without interpreting the layoff and seniority

25   provisions of the 1995 CBA and are thus preempted by § 301 of the [LMRA]."); *Young v.*

26   *Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997-1002 (9th Cir. 1987) (employee's claims for

27   breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful

28   discharge in violation of public policy, and intentional infliction of emotional distress preempted by

Carothers DiSante &
Freudenberger LLP

1207265.1

1  LMRA because such claims related to job position covered by the CBA); *Kirton v. Summit Med'l*

2  *Ctr.*, 982 F. Supp. 1381, 1386 (N.D. Cal. 1997) (plaintiff's wrongful discharge/breach of contract

3  claims preempted by LMRA because such claims will require the court to interpret the CBA to

4  determine whether defendants discharged plaintiff without just cause); *Reece v. Houston Lighting*

5  *& Power Co.*, 79 F.3d 485, 486 (5th Cir. 1996) (state law discrimination claim preempted by

6  LMRA because such claim "turns on questions of promotions, seniority, and assignment to

7  training, all of which are provided for in the CBA").

### III. <u>CONCLUSION</u>

9      15.     WHEREFORE, Defendant removes the original action brought by Plaintiff, now

10  pending in the Superior Court of the State of California for the County of Solano, from that State

11  Court to this Court.

12      16.     Defendant reserves, and does not waive, any objection it may have to service,

13  jurisdiction, or venue, and any and all other defenses or objections to the action.

14  Dated:  April 25, 2017              CAROTHERS DISANTE & FREUDENBERGER LLP

16                                      By: _____

17                                              Corey J. Cabral
                                        Attorneys for Defendant
18                                      MEDIC AMBULANCE SERVICE, INC.

CAROTHERS DISANTE &
FREUDENBERGER LLP

1207265.1

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT PURSUANT
TO 28. U.S.C. SECTION 1441 (b)

# EXHIBIT A

0.0

**SUM-100**

| | |
|---|---|
| **SUMMONS** FIRST AMENDED COMPLAINT<br>*(CITACION JUDICIAL)* | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MEDIC AMBULANCE SERVICE, INC., and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MEGHAN SILVA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Solano County Superior Court<br>Old Solano Courthouse<br>580 Texas Street, Fairfield, CA  94553 | CASE NUMBER:<br>*(Número del Caso):*<br>FCS048440 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jannah V. Manansala/Michael D. Burstein/Caitlin Gray            Tel.: (510) 337-1001
WEINBERG, ROGER & ROSENFELD, 1001 Marina Village Parkway, Suite 200, Alameda, CA  94501-1091

| DATE:<br>*(Fecha)* | MAR - 2 2017 | Clerk, by<br>*(Secretario)* | J. Abueg | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MEDIC AMBULANCE SERVICE, INC.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1  JANNAH V. MANANSALA, Bar No. 249376
   MICHAEL D. BURSTEIN, Bar No. 248516
2  CAITLIN GRAY, Bar No. 305118
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501
   Telephone (510) 337-1001
5  Fax (510) 337-1023
   E-Mail:  courtnotices@unioncounsel.net
6           jmanansala@unioncounsel.net
            mburstein@unioncounsel.net
7           cgray@unioncounsel.net

**ENDORSED FILED**
Clerk of the Superior Court

MAR – 2 2017

J. Abueg

By_____
DEPUTY CLERK

8  ATTORNEYS FOR PLAINTIFF MEGHAN SILVA

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 IN AND FOR THE COUNTY OF SOLANO

12

13  MEGHAN SILVA, on behalf of herself and       Case No. FCS048440
    others similarly situated,

14                                                **CLASS ACTION**
                      Plaintiff,
15                                                Assigned for All Purposes to
       v.                                         Judge Paul L. Beeman
16
    MEDIC AMBULANCE SERVICE, INC., and           **PLAINTIFF MEGHAN SILVA'S FIRST**
17  DOES 1 through 50, inclusive,                 **AMENDED COMPLAINT FOR:**

18                    Defendants.                 1. **FAILURE TO PROVIDE REST**
                                                     **BREAKS**
19
                                                  2. **FAILURE TO PROVIDE**
20                                                   **ACCURATE ITEMIZED WAGE**
                                                     **STATEMENTS**
21
                                                  3. **FAILURE TO PAY ALL WAGES**
22                                                   **DUE UPON TERMINATION**

23                                                4. **VIOLATION OF BUSINESS**
                                                     **AND PROFESSIONS CODE**
24                                                   **SECTIONS 17200, ET SEQ.**

25                                                DEMAND FOR A JURY TRIAL

26  ///

27  ///

28  ///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

FAXED

1    Plaintiff MEGHAN SILVA (née ROATH) ("Plaintiff"), on behalf of herself and all others

2   similarly situated, as alleged more specifically below, complains and alleges as follows:

3                                    **INTRODUCTION**

4        1.       This is a class action against Medic Ambulance Service, Inc. ("Medic") to

5   challenge its policy and practice of failing to provide the persons identified below as members of

6   the Class with the rest breaks to which they are entitled by law.  As a result of these violations,

7   Medic is also liable for various penalties under the Labor Code and for violation of the Unfair

8   Competition Law ("UCL"), Business and Professions Code sections 17200 *et seq.*

9        2.       Plaintiff seeks full compensation on behalf of herself and all others similarly

10   situated for the rest breaks Medic did not provide as well as waiting time penalties and damages

11   or penalties for Medic's failure to provide accurate itemized wage statements.  Plaintiff seeks

12   penalties on behalf of herself for violations of the Labor Code and the California Industrial

13   Welfare Commission ("IWC") wage orders.  Plaintiff also seeks declaratory and injunctive relief,

14   reasonable attorneys' fees and costs under the Labor Code and Code of Civil Procedure

15   section 1021.5.

16                                      **PARTIES**

17       **Plaintiff**

18       3.       Plaintiff was formerly employed by Medic in Solano County as an Emergency

19   Medical Technician ("EMT") from June 2013 to June 2014.  She is a resident of Solano County,

20   California and a citizen of California.  She alleges claims in this matter for the period from

21   February 24, 2013, through resolution of this matter (the "Class Period").

22       **Defendant Medic Ambulance Service, Inc.**

23       4.       Medic is a California corporation with headquarters located at 506 Couch Street, in

24   Vallejo, California.

25       5.       Medic is an ambulance provider and maintains numerous ambulance-dispatch

26   locations throughout Solano County and within the venue of this Court.

27       6.       During the Class Period, Medic has employed the numerous members of the Class

28   as defined below.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFF MEGHAN SILVA'S FIRST AMENDED COMPLAINT
Case No. FCS048440

1       7.     Medic is a "person" as defined in the California Labor Code section 18 and

2  California Business and Professions Code section 17201 and an "employer" as that term is used

3  in the California Labor Code and the IWC's orders regulating wages, hours and working

4  conditions.

5       8.     Plaintiff does not know the true names and capacities of defendants sued herein as

6  DOES 1 through 50, and therefore sues these defendants by fictitious names.  Plaintiff will amend

7  her complaint to state the true names and capacities when ascertained.  Plaintiff is informed and

8  believes and thereon alleges that each of the fictitiously named defendants is responsible in some

9  manner for the occurrences and damages alleged herein, and that Plaintiff's damages as

10  hereinafter set forth were proximately caused by said defendants.

11                  **JURISDICTION**

12       9.     This Court has subject matter jurisdiction because the total amount of damages

13  sought exceeds $25,000 and the relief requested is within the jurisdiction of this Court.

14                     **VENUE**

15      10.     Venue is proper in the County of Solano pursuant to Code of Civil Procedure

16  section 395.5.  Medic maintains headquarters or other offices, transacts business, and/or has

17  agents in Solano County, and is otherwise within this Court's jurisdiction for purposes of service

18  of process.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly

19  situated within California and within Solano County.  Medic has employed numerous Class

20  Members, including Plaintiff, in Solano County.

21              **FACTUAL ALLEGATIONS**

22      11.     During the relevant time period, Plaintiff was an "employee" as that term is used

23  in the California Labor Code and the IWC wage orders regulating wages, hours and working

24  conditions, and therefore was entitled to "rest breaks" as required by Labor Code section 226.7

25  and the applicable IWC wage orders.

26      12.     The Class Members are covered employees under the provisions of the Labor

27  Code and IWC wage orders governing rest breaks and timely payment of wages.

28  ///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

PLAINTIFF MEGHAN SILVA'S FIRST AMENDED COMPLAINT
Case No. FCS048440

13.     During the Class Period, Medic has had a policy and practice of regularly failing to provide Class Members, including Plaintiff, with off-duty rest breaks. The Class Members and Plaintiff were required to be on call during their rest breaks.

14.     Further, during the Class Period, Medic has had a policy and practice of failing to pay the Class Members, including Plaintiff, one additional hour of pay at their regular rate of compensation for each rest break that Medic has failed to provide Class Members.

15.     During the Class Period, Medic has also had a policy and practice of failing to include on Plaintiff's and Class Members' wage statements information regarding the premium wages they were entitled to but not paid.

16.     Throughout the entirety of the Class Period, Medic had a policy and practice of not paying Plaintiff and the Class Members who were terminated all wages due, including one additional hour of pay at their regular rate of compensation for each rest break that Medic has failed to provide, after the end of their employment as required by law.

17.     Medic's unlawful conduct alleged herein has been widespread, repeated, and willful.

18.     Furthermore, Medic's policies and practices alleged herein, including failure to provide rest breaks, failure to provide accurate itemized wage statements, and failure to pay wages upon termination of employment, have been substantially similar, if not identical, throughout the applicable Medic locations in Solano County, as described herein, during the Class Period.

## CLASS ALLEGATIONS

19.     Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Code of Civil Procedure section 382. The Class that Plaintiff seeks to represent is defined as follows:

> All individuals who are currently employed, or formerly have been employed, as full-time and regular part-time Emergency Medical Technicians Paramedics, Dispatchers, and Supply Service Technicians performing work at Medic Ambulance Service, Inc.'s Solano County, California, locations at any time within four years prior to the filing of this complaint until resolution of this action.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

PLAINTIFF MEGHAN SILVA'S FIRST AMENDED COMPLAINT
Case No. FCS048440

20.     This action has been brought and may properly be maintained as a class action under Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

21.     Numerosity:  The potential members of the Class are so numerous that joinder of all the members of the Class is impracticable as Plaintiff is informed and so believes that the Class has approximately 150 members.

22.     Commonality:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, but are not limited to:

      a.     Whether Medic's systematic failure to provide the Class Members with off-duty rest breaks violates the California Labor Code and IWC wage orders;

      b.     Whether Medic's policy of providing on-duty rest breaks to Class Members constitutes a violation of its legal obligation to authorize and permit off-duty rest breaks;

      c.     Whether Medic's policy and practice of failing to pay the Class Members all wages due in a timely manner and upon termination of their employment violates the California Labor Code and related IWC wage orders;

      d.     Whether Medic's failure to include on Class Members' wage statements the  premium wages earned for rest breaks not provided constitutes a failure of its duty to provide Class Members with accurate itemized wage statements;

      e.     Whether Medic's policies and practices outlined herein constitute an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code section 17200 *et seq.*; and

      f.     The proper formula for calculating damages and penalties owed to Plaintiff and the Class Members as alleged herein.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5
PLAINTIFF MEGHAN SILVA'S FIRST AMENDED COMPLAINT
Case No. FCS048440

1      23.    Typicality:  The representative Plaintiff's claims are typical of the claims of the

2  Class.  Medic's common course of conduct in violation of law as alleged herein has caused

3  Plaintiff and the Class Members to sustain the same or similar injuries and damages.  Plaintiff's

4  claims are thereby representative of and co-extensive with the claims of the Class.

5      24.    Adequacy of Representation:  Plaintiff is a member of the Class, as alleged above.

6  Plaintiff has no conflicts of interest with other Class Members and will prosecute the case

7  vigorously on her behalf and on behalf of the Class Members.  Counsel representing Plaintiff are

8  competent and experienced in litigating large employment class actions, including large meal and

9  rest break class actions.  Plaintiff will fairly and adequately represent and protect the interests of

10  the members of the Class.

11      25.    Superiority of Class Action:  A class action is superior to other available means for

12  the fair and efficient adjudication of this controversy.  Individual joinder of all of the members of

13  the Class is not practicable, and questions of law and fact common to the Class predominate over

14  any questions affecting only individual members of the Class.  Each member of the Class has

15  been damaged and is entitled to recovery by reason of Medic's illegal policies and/or practices.

16  Class action treatment will allow those similarly situated persons to litigate their claims in the

17  manner that is most efficient and economical for the parties and the judicial system.

18      26.    Plaintiff alleges that if this matter is not brought as a class action there will be

19  numerous lawsuits by current and former employees.  A multitude of actions would lead to a

20  burden on the court system and to potentially inconsistent rulings.  It would also unnecessarily

21  prolong resolution of the action because these additional lawsuits could be filed years into the

22  future.

23      27.    Plaintiff further alleges that some of the Class Members' damages would be too

24  low, due to their limited length of employment, for those Class Members to find counsel to

25  represent them on a contingency basis, and the costs of hiring a lawyer to prosecute those claims

26  would be prohibitive.  This is especially true because Plaintiff is informed and believes that there

27  are Class Members who worked for Medic for very short periods of time, perhaps a week to a few

28  months.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

PLAINTIFF MEGHAN SILVA'S FIRST AMENDED COMPLAINT
Case No. FCS048440

28.     Plaintiff further alleges that the Legislature has declared that rest break statutes and regulations exist to protect the public's health and safety.  Public health and safety will be served if there is a determination that the Class Members should not be required to work excess hours without receiving rest breaks, which are vital to one's health and required by law.

## FIRST CAUSE OF ACTION

### Failure to Provide Rest Breaks

### in Violation of California Labor Code Section 226.7; IWC Wage Orders

29.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

30.     California Labor Code section 226.7 and IWC Wage Order No. 4, as codified under Title 8 of the California Code of Regulations section 11040, ("Wage Order No. 4") require Medic to provide rest breaks to Class Members.  Labor Code section 226.7 makes it unlawful for employers to require employees work during a rest break mandated pursuant to an applicable wage order.

31.     California Labor Code sections 1171 and 1173 have given the California Industrial Welfare Commission jurisdiction to enact Wage Orders as enforceable law.  Wage Order No. 4 governs the work of the Class and Plaintiff, and it requires Medic to authorize and permit all employees to take rest breaks.  Wage Order No. 4 section 12, subdivision (A), provides that every employer shall authorize and permit all employees to take rest breaks, which insofar as practicable shall be in the middle of each work period.  The authorized rest break time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

32.     Medic required that Class Members to take their purported rest breaks while on call, thus requiring Class Members to work through their "rest breaks."  (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257.)  As a result, Medic has knowingly and willfully failed to provide rest breaks as required by California Labor Code section 226.7 and Wage Order No. 4.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFF MEGHAN SILVA'S FIRST AMENDED COMPLAINT
Case No. FCS048440

33.     Under California Labor Code section 226.7, subdivision (c), an employer who fails to provide a required rest break must, as compensation, pay the employee the premium wage of one hour at the regular rate of each day the break is not provided.  Wage Order No. 4 section 12, subdivision (B), states that if an employer fails to provide an employee a rest break in accordance with the applicable provisions of the Wage Order, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest break is not provided.  These premium wages are due in a manner akin to an employee's immediate entitlement to payment of wages or for overtime.

34.     Medic has knowingly and willfully refused to perform its obligations to provide Plaintiff and the Class with the rest breaks to which they are entitled (and continues to do so as of the date of this filing).  Medic has also knowingly and willfully refused to pay the premium payments required by section 226.7, subdivision (c) and Wage Orders No. 4 (and continues to do so as of the date of this filing).

35.     Medic's conduct described herein violates California Labor Code section 226.7 and Wage Order No. 4 and causes recoverable injury to Plaintiff and Class Members.  Therefore, pursuant to Labor Code section 226.7, subdivision (c), Plaintiff and the Class are entitled to compensation for the failure to provide rest breaks, plus interest, attorneys' fees, expenses and costs of suit.

36.     Pursuant to California Labor Code section 226.7 and Wage Order No. 4, Medic is liable to Plaintiff and the Class Members for the full amount of all their unpaid rest break compensation, with interest.  Medic is also liable to Plaintiff and the Class Members for civil penalties pursuant to Wage Order No. 4, section 20, which states that any employer who violates Wage Order No. 4 shall be subject to a civil penalty of $50 for an initial violation for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages and $100 for each subsequent violation.  These penalties are in addition to any other civil penalties provided by law.

///

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8

PLAINTIFF MEGHAN SILVA'S FIRST AMENDED COMPLAINT
Case No. FCS048440

1    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

2                        **SECOND CAUSE OF ACTION**

3        **Failure to Provide Accurate Itemized Wage Statements**

4                  **In Violation of Labor Code Section 226**

5        37.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

6    forth herein.

7        38.    Under Labor Code section 226, subdivision (a), Medic is required to provide

8    regular accurate itemized wage statements to Plaintiff and the Class showing, among other things,

9    hours worked and all applicable hourly rates during the relevant pay period.  By failing o include

10   premium wages, Medic knowingly and intentionally failed to provide Plaintiff and Class

11   Members with itemized wage statements showing all wages earned.

12       39.    Under Labor Code section 226, subdivision (e), an employer suffering injury as a

13   result of a knowing and intentional failure to provide accurate itemized wage statements is

14   entitled to recover the greater of actual damages or $50 for the initial pay period in which a

15   violation occurs and $100 for each violation in a subsequent pay period, up to a maximum of

16   $4,000.

17       40.    As a direct and proximate result of Medic's conduct, Plaintiff and Class Members

18   have been injured by, among other things, not being paid all wages due and being required to file

19   this action to determine the wages due.  Plaintiff and Class Members are entitled to recover the

20   damages or penalties provided by Labor Code section 226, subdivision (e), including interest

21   thereon, plus reasonable attorneys' fees and costs.

22       Wherefore, Plaintiff and the Class request relief as hereinafter provided.

23                        **THIRD CAUSE OF ACTION**

24                        **Waiting Time Penalties**

25              **Pursuant to California Labor Code § 203**

26       41.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

27   forth herein.

28   ///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

9

PLAINTIFF MEGHAN SILVA'S FIRST AMENDED COMPLAINT
Case No. FCS048440

42.     Pursuant to California Labor Code section 201, if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately. Pursuant to California Labor Code section 202, if an employee quits his or her employment, the wages earned and unpaid at the time of the discharge are due and payable within seventy-two (72) hours of the resignation.

43.     Plaintiff and other Class Members were either terminated by Medic or have resigned from their employment with Medic. In direct violation of California Labor Code sections 201 and 202, Medic has failed to pay rest break compensation earned by Plaintiff and Class Members who were not provided with rest breaks.

44.     Medic has willfully refused and continues to refuse to pay Plaintiff and Class Members all wages earned, including premium wages, in a timely manner, as required by California Labor Code section 203.

45.     Plaintiff and the Class Members have been damaged by said violations of California Labor Code sections 203 and therefore request restitution and penalties as provided by California Labor Code section 203.

Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

### Violation of California Business and Professions Code §§ 17200, *et seq*.

46.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

47.     California Business and Professions Code sections 17200, *et seq*. (also referred to herein as the "Unfair Competition Law" or "UCL"), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

48.     California Business and Professions Code section 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

49.     Labor Code section 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

10

those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

50.     Beginning at an exact date unknown to Plaintiff, but at least since the date four (4) years prior to the filing of this suit, Medic has committed acts of unfair competition as defined by the Unfair Competition Law, by engaging in the unlawful, unfair and fraudulent business acts and practices described in this Complaint, including but not limited to:

      a.    Violation of Labor Code section 226.7 and Wage Order No. 4 pertaining to rest breaks as set forth above in the First Cause of Action;

      b.    Violation of Labor Code section 226 pertaining to providing accurate itemized wage statements as set forth above in Second Cause of Action; and

      c.    Violations of Labor Code sections 201-203 pertaining to timely payment of wages as set forth above in the Third Cause of Action.

51.     In addition, Medic's failure to pay rest break premiums in a timely fashion also constitutes a violation of California Labor Code section 204 which requires that all wages are paid in semimonthly payments.  In direct violation of this provision of the Labor Code, Medic has to date failed to pay rest break compensation earned by Plaintiff and the Class Members for their rest breaks that were not provided.

52.     In addition to the unlawful nature of the aforementioned violations of California Labor Code sections 201-204, 226 and 226.7, Medic's actions and practices have taken wages from Plaintiff and the Class Members rightfully due to them and have denied Plaintiff and Class Members the valuable benefit of protection by California's wage and hour laws and regulations, while enabling Medic to gain an unfair competitive advantage over law-abiding employers and competitors.

53.     Plaintiff and the Class Members are entitled to restitution pursuant to Business and Professions Code section 17203 for all wages and payments unlawfully withheld from employees during the four (4)-year prior to the filing of this Complaint as well as restitution for the value of the loss of statutory and regulatory protections.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

11

PLAINTIFF MEGHAN SILVA'S FIRST AMENDED COMPLAINT
Case No. FCS048440

54.    Business and Professions Code section 17203 and Code of Civil Procedure section 526(a)(4) provide that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

55.    Injunctive relief is necessary and appropriate to prevent Medic from repeating its unlawful, unfair and fraudulent business acts and business practices alleged above.

56.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

57.    Business and Professions Code section 17202 provides:  "Notwithstanding section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff and Class Members are entitled to enforce all applicable penalty provision of the Labor Code pursuant to Business and Professions Code section 17202.

58.    Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of herself, as well as other similarly situated. Plaintiff and the Class Members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

59.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure section 1021.5 and otherwise.

Wherefore, Plaintiff and the Class request relief as hereinafter provided.

///

///

///

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

12

PLAINTIFF MEGHAN SILVA'S FIRST AMENDED COMPLAINT
Case No. FCS048440

1                                **PRAYER FOR RELIEF**

2         WHEREFORE, Plaintiff, and each member of the Class, prays for relief against Medic as

3 follows:

4         1.     For an order certifying the Class, as alleged above, for class treatment under Code

5 of Civil Procedure section 382, appointing Plaintiff as Representative of the Class, as alleged

6 above, and appointing Plaintiff's attorneys as Class Counsel for the Class;

7         2.     For a declaratory judgment that Medic has violated the California Labor Code,

8 IWC wage orders and public policy as alleged herein;

9         3.     For a declaratory judgment that Medic has violated Business and Professions Code

10 sections 17200, *et seq*., as a result of the aforementioned violations of the Labor Code and IWC

11 wage orders and of California public policy protecting wages;

12         4.     For preliminary, permanent and mandatory injunctive relief prohibiting Medic, its

13 officers, agents and all those acting in concert with them, from committing in the future those

14 violations of law herein alleged;

15         5.     For an equitable accounting to identify, locate, and restore to all current and

16 former employees the wages they are due, with interest thereon;

17         6.     For an order awarding Plaintiff and the Class damages, premium wages, earnings,

18 penalties, restitution, and all other sums of money owed to Plaintiff and Class Members, together

19 with interest on these amounts, according to proof;

20         7.     For an award of reasonable attorneys' fees as provided by law;

21         8.     For all costs of suit;

22         9.     For such other and further relief as this Court deems just and proper.

23 Dated: March 2, 2017                      WEINBERG, ROGER & ROSENFELD

24                                     A Professional Corporation

25

26                        By:    Michael D. Burstein

                                    Attorneys for Plaintiff MEGHAN SILVA

27 142835\904534.v1

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

                                        13

PLAINTIFF MEGHAN SILVA'S FIRST AMENDED COMPLAINT
Case No. FCS048440

# EXHIBIT B

0.0

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MEDIC AMBULANCE SERVICE, INC., and DOES 1 through 50,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MEGHAN SILVA

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. AVISO: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Solano County Superior Court<br>Old Solano Courthouse<br>580 Texas Street, Fairfield, CA 94553 | CASE NUMBER:<br>*(Número del Caso):*<br>FCS048440 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jannah V. Manansala/Michael D. Burstein/Caitlin Gray     Tel.: (510) 337-1001
WEINBERG, ROGER & ROSENFELD, 1001 Marina Village Parkway, Suite 200, Alameda, CA 94501-1091

| DATE:<br>*(Fecha)* FEB 2 4 2017 | Clerk, by<br>*(Secretario)* J. SAPP-CHUN | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**ASSIGNED TO**
**JUDGE PAUL L BEEMAN**
**FOR ALL PURPOSES**

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

JANNAH V. MANANSALA, Bar No. 249376
MICHAEL D. BURSTEIN, Bar No. 248516
CAITLIN GRAY, Bar No. 305118
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone (510) 337-1001
Fax  (510) 337-1023
E-Mail:  courtnotices@unioncounsel.net
        jmanansala@unioncounsel.net
        mburstein@unioncounsel.net
        cgray@unioncounsel.net

**ENDORSED FILED**
Clerk of the Superior Court

FEB 2 4 2017

J. SAPP-CHUN

ASSIGNED TO
JUDGE PAUL L. BEEMAN
FOR ALL PURPOSE

DEPUTY CLERK

ATTORNEYS FOR PLAINTIFF MEGHAN SILVA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SOLANO

| | |
|---|---|
| MEGHAN SILVA, on behalf of herself and others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>MEDIC AMBULANCE SERVICE, INC., and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. CaseNumber<br><br>**CLASS ACTION** FCS048440<br><br>**PLAINTIFF MEGHAN SILVA'S COMPLAINT FOR:**<br><br>1.  **FAILURE TO PROVIDE REST BREAKS**<br><br>2.  **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**<br><br>3.  **FAILURE TO PAY ALL WAGES DUE UPON TERMINATION**<br><br>4.  **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**<br><br>DEMAND FOR A JURY TRIAL |

Plaintiff MEGHAN SILVA (née ROATH) ("Plaintiff"), on behalf of herself and all others similarly situated, as alleged more specifically below, complains and alleges as follows:

### INTRODUCTION

1.      This is a class action against Medic Ambulance Service, Inc. ("Medic") to challenge its policy and practice of failing to provide the persons identified below as members of the Class with the rest breaks to which they are entitled by law.  As a result of these violations,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFF MEGHAN SILVA'S COMPLAINT
Case No.

1

1    Medic is also liable for various penalties under the Labor Code and for violation of the Unfair

2    Competition Law ("UCL"), Business and Professions Code sections 17200 *et seq.*

3       2.      Plaintiff seeks full compensation on behalf of herself and all others similarly

4    situated for the rest breaks Medic did not provide as well as waiting time penalties and damages

5    or penalties for Medic's failure to provide accurate itemized wage statements.  Plaintiff seeks

6    penalties on behalf of herself for violations of the Labor Code and the California Industrial

7    Welfare Commission ("IWC") wage orders.  Plaintiff also seeks declaratory and injunctive relief,

8    reasonable attorneys' fees and costs under the Labor Code and Code of Civil Procedure section

9    1021.5.

10                                          **PARTIES**

11       **Plaintiff**

12       3.      Plaintiff was formerly employed by Medic in Solano County as an Emergency

13   Medical Technician ("EMT") from June 2013 to June 2014.  She is a resident of Solano County,

14   California and a citizen of California.  She alleges claims in this matter for the period from

15   February 24, 2013, through resolution of this matter (the "Class Period").

16       **Defendant Medic Ambulance Service, Inc.**

17       4.      Medic is a California corporation with headquarters located at 506 Couch Street, in

18   Vallejo, California.

19       5.      Medic is an ambulance provider and maintains numerous ambulance-dispatch

20   locations throughout Solano County and within the venue of this Court.

21       6.      During the Class Period, Medic has employed the numerous members of the Class

22   as defined below.

23       7.      Medic is a "person" as defined in the California Labor Code section 18 and

24   California Business and Professions Code section 17201 and an "employer" as that term is used

25   in the California Labor Code and the IWC's orders regulating wages, hours and working

26   conditions.

27       8.      Plaintiff does not know the true names and capacities of defendants sued herein as

28   DOES 1 through 50, and therefore sues these defendants by fictitious names.  Plaintiff will amend

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

                                            2
     PLAINTIFF MEGHAN SILVA'S COMPLAINT
     Case No.

1   her complaint to state the true names and capacities when ascertained.  Plaintiff is informed and

2   believes and thereon alleges that each of the fictitiously named defendants is responsible in some

3   manner for the occurrences and damages alleged herein, and that Plaintiff's damages as

4   hereinafter set forth were proximately caused by said defendants.

5                                                **JURISDICTION**

6          9.      This Court has subject matter jurisdiction because the total amount of damages

7   sought exceeds $25,000 and the relief requested is within the jurisdiction of this Court.

8                                                   **VENUE**

9          10.     Venue is proper in the County of Solano pursuant to Code of Civil Procedure

10  section 395.5.  Medic maintains headquarters or other offices, transacts business, and/or has

11  agents in Solano County, and is otherwise within this Court's jurisdiction for purposes of service

12  of process.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly

13  situated within California and within Solano County.  Medic has employed numerous Class

14  Members, including Plaintiff, in Solano County.

15                                        **FACTUAL ALLEGATIONS**

16         11.     During the relevant time period, Plaintiff was an "employee" as that term is used

17  in the California Labor Code and the IWC wage orders regulating wages, hours and working

18  conditions, and therefore was entitled to "rest breaks" as required by Labor Code section 226.7

19  and the applicable IWC wage orders.

20         12.     The Class Members are covered employees under the provisions of the Labor

21  Code and IWC wage orders governing rest breaks and timely payment of wages.

22         13.     During the Class Period, Medic has had a policy and practice of regularly failing to

23  provide Class Members, including Plaintiff, with off-duty rest breaks.  The Class Members and

24  Plaintiff were required to be on call during their rest breaks.

25         14.     Further, during the Class Period, Medic has had a policy and practice of failing to

26  pay the Class Members, including Plaintiff, one additional hour of pay at their regular rate of

27  compensation for each rest break that Medic has failed to provide Class Members.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

                                                    3

PLAINTIFF MEGHAN SILVA'S COMPLAINT
Case No.

1        15.    During the Class Period, Medic has also had a policy and practice of failing to

2   include on Plaintiff's and Class Members' wage statements information regarding the premium

3   wages they were entitled to but not paid.

4        16.    Throughout the entirety of the Class Period, Medic had a policy and practice of not

5   paying Plaintiff and the Class Members who were terminated all wages due, including one

6   additional hour of pay at their regular rate of compensation for each rest break that Medic has

7   failed to provide, after the end of their employment as required by law.

8        17.    Medic's unlawful conduct alleged herein has been widespread, repeated, and

9   willful.

10       18.    Furthermore, Medic's policies and practices alleged herein, including failure to

11   provide rest breaks, failure to provide accurate itemized wage statements, and failure to pay

12   wages upon termination of employment, have been substantially similar, if not identical,

13   throughout the applicable Medic locations in Solano County, as described herein, during the Class

14   Period.

15                              **CLASS ALLEGATIONS**

16        19.    Plaintiff brings this action on behalf of herself and all others similarly situated

17   pursuant to Code of Civil Procedure section 382.  The Class that Plaintiff seeks to represent is

18   defined as follows:

19           All individuals who are currently employed, or formerly have been employed, as
              full-time and regular part-time Emergency Medical Technicians Paramedics,

20           Dispatchers, and Supply Service Technicians performing work at Medic
              Ambulance Service, Inc.'s Solano County, California, locations at any time within

21           four years prior to the filing of this complaint until resolution of this action.

22

23        20.    This action has been brought and may properly be maintained as a class action

24   under Code of Civil Procedure section 382 because there is a well-defined community of interest

    in the litigation and the proposed class is easily ascertainable.

25

26        21.    Numerosity:  The potential members of the Class are so numerous that joinder of

    all the members of the Class is impracticable as Plaintiff is informed and so believes that the

27

    Class has approximately 150 members.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

PLAINTIFF MEGHAN SILVA'S COMPLAINT
Case No.

1    22.    Commonality:  There are questions of law and fact common to Plaintiff and the

2    Class that predominate over any questions affecting only individual members of the Class.  These

3    common questions of law and fact include, but are not limited to:

4         a.    Whether Medic's systematic failure to provide the Class Members with

5              off-duty rest breaks violates the California Labor Code and IWC wage

6              orders;

7         b.    Whether Medic's policy of providing on-duty rest breaks to Class

8              Members constitutes a violation of its legal obligation to authorize and

9              permit off-duty rest breaks;

10        c.    Whether Medic's policy and practice of failing to pay the Class Members

11             all wages due in a timely manner and upon termination of their

12             employment violates the California Labor Code and related IWC wage

13             orders;

14        d.    Whether Medic's failure to include on Class Members' wage statements

15             the  premium wages earned for rest breaks not provided constitutes a

16             failure of its duty to provide Class Members with accurate itemized wage

17             statements;

18        e.    Whether Medic's policies and practices outlined herein constitute an

19             unlawful, unfair or fraudulent business act or practice in violation of

20             Business and Professions Code section 17200 *et seq.*; and

21        f.    The proper formula for calculating damages and penalties owed to Plaintiff

22             and the Class Members as alleged herein.

23    22.    Typicality:  The representative Plaintiff's claims are typical of the claims of the

24    Class.  Medic's common course of conduct in violation of law as alleged herein has caused

25    Plaintiff and the Class Members to sustain the same or similar injuries and damages.  Plaintiff's

26    claims are thereby representative of and co-extensive with the claims of the Class.

27    23.    Adequacy of Representation:  Plaintiff is a member of the Class, as alleged above.

28    Plaintiff has no conflicts of interest with other Class Members and will prosecute the case

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

PLAINTIFF MEGHAN SILVA'S COMPLAINT
Case No.

1  vigorously on her behalf and on behalf of the Class Members.  Counsel representing Plaintiff are

2  competent and experienced in litigating large employment class actions, including large meal and

3  rest break class actions.  Plaintiff will fairly and adequately represent and protect the interests of

4  the members of the Class.

5         24.     Superiority of Class Action:  A class action is superior to other available means for

6  the fair and efficient adjudication of this controversy.  Individual joinder of all of the members of

7  the Class is not practicable, and questions of law and fact common to the Class predominate over

8  any questions affecting only individual members of the Class.  Each member of the Class has

9  been damaged and is entitled to recovery by reason of Medic's illegal policies and/or practices.

10  Class action treatment will allow those similarly situated persons to litigate their claims in the

11  manner that is most efficient and economical for the parties and the judicial system.

12         25.     Plaintiff alleges that if this matter is not brought as a class action there will be

13  numerous lawsuits by current and former employees.  A multitude of actions would lead to a

14  burden on the court system and to potentially inconsistent rulings.  It would also unnecessarily

15  prolong resolution of the action because these additional lawsuits could be filed years into the

16  future.

17         26.     Plaintiff further alleges that some of the Class Members' damages would be too

18  low, due to their limited length of employment, for those Class Members to find counsel to

19  represent them on a contingency basis, and the costs of hiring a lawyer to prosecute those claims

20  would be prohibitive.  This is especially true because Plaintiff is informed and believes that there

21  are Class Members who worked for Medic for very short periods of time, perhaps a week to a few

22  months.

23         27.     Plaintiff further alleges that the Legislature has declared that rest break statutes

24  and regulations exist to protect the public's health and safety.  Public health and safety will be

25  served if there is a determination that the Class Members should not be required to work excess

26  hours without receiving rest breaks, which are vital to one's health and required by law.

27  \\\

28  \\\

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFF MEGHAN SILVA'S COMPLAINT
Case No.

# FIRST CAUSE OF ACTION

## Failure to Provide Rest Breaks

### in Violation of California Labor Code Section 226.7; IWC Wage Orders

28.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

29.     California Labor Code section 226.7 and IWC Wage Order No. 4, as codified under Title 8 of the California Code of Regulations section 11040, ("Wage Order No. 4") require Medic to provide rest breaks to Class Members.  Labor Code section 226.7 makes it unlawful for employers to require employees work during a rest break mandated pursuant to an applicable wage order.

30.     California Labor Code sections 1171 and 1173 have given the California Industrial Welfare Commission jurisdiction to enact Wage Orders as enforceable law.  Wage Order No. 4 governs the work of the Class and Plaintiff, and it requires Medic to authorize and permit all employees to take rest breaks.  Wage Order No. 4 section 12, subdivision (A), provides that every employer shall authorize and permit all employees to take rest breaks, which insofar as practicable shall be in the middle of each work period.  The authorized rest break time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

31.     Medic required that Class Members to take their purported rest breaks while on call, thus requiring Class Members to work through their "rest breaks." (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257.)  As a result, Medic has knowingly and willfully failed to provide rest breaks as required by California Labor Code section 226.7 and Wage Order No. 4.

32.     Under California Labor Code section 226.7, subdivision (c), an employer who fails to provide a required rest break must, as compensation, pay the employee the premium wage of one hour at the regular rate of each day the break is not provided.  Wage Order No. 4 section 12, subdivision (B), states that if an employer fails to provide an employee a rest break in accordance with the applicable provisions of the Wage Order, the employer shall pay the employee one hour

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFF MEGHAN SILVA'S COMPLAINT
Case No.

1  of pay at the employee's regular rate of compensation for each workday that the rest break is not

2  provided.  These premium wages are due in a manner akin to an employee's immediate

3  entitlement to payment of wages or for overtime.

4       33.    Medic has knowingly and willfully refused to perform its obligations to provide

5  Plaintiff and the Class with the rest breaks to which they are entitled (and continues to do so as of

6  the date of this filing).  Medic has also knowingly and willfully refused to pay the premium

7  payments required by section 226.7, subdivision (c) and Wage Orders No. 4 (and continues to do

8  so as of the date of this filing).

9       34.    Medic's conduct described herein violates California Labor Code section 226.7

10  and Wage Order No. 4 and causes recoverable injury to Plaintiff and Class Members.  Therefore,

11  pursuant to Labor Code section 226.7, subdivision (c), Plaintiff and the Class are entitled to

12  compensation for the failure to provide rest breaks, plus interest, attorneys' fees, expenses and

13  costs of suit.

14       35.    Pursuant to California Labor Code section 226.7 and Wage Order No. 4, Medic is

15  liable to Plaintiff and the Class Members for the full amount of all their unpaid rest break

16  compensation, with interest.

17       36.    Medic is also liable to Plaintiff and the Class Members for civil penalties pursuant

18  to Wage Order No. 4, section 20, which states that any employer who violates Wage Order No. 4

19  shall be subject to a civil penalty of $50 for an initial violation for each underpaid employee for

20  each pay period during which the employee was underpaid in addition to the amount which is

21  sufficient to recover unpaid wages and $100 for each subsequent violation.  These penalties are in

22  addition to any other civil penalties provided by law.

23       Wherefore, Plaintiff and the Class request relief as hereinafter provided.

24  **SECOND CAUSE OF ACTION**

25  **Failure to Provide Accurate Itemized Wage Statements**

26  **In Violation of Labor Code Section 226**

27       38.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

28  forth herein.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8

PLAINTIFF MEGHAN SILVA'S COMPLAINT
Case No.

39.     Under Labor Code section 226, subdivision (a), Medic is required to provide regular accurate itemized wage statements to Plaintiff and the Class showing, among other things, hours worked and all applicable hourly rates during the relevant pay period.  By failing o include premium wages, Medic knowingly and intentionally failed to provide Plaintiff and Class Members with itemized wage statements showing all wages earned.

40.     Under Labor Code section 226, subdivision (e), an employer suffering injury as a result of a knowing and intentional failure to provide accurate itemized wage statements is entitled to recover the greater of actual damages or $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, up to a maximum of $4,000.

41.     As a direct and proximate result of Medic's conduct, Plaintiff and Class Members have been injured by, among other things, not being paid all wages due and being required to file this action to determine the wages due.  Plaintiff and Class Members are entitled to recover the damages or penalties provided by Labor Code section 226, subdivision (e), including interest thereon, plus reasonable attorneys' fees and costs.

Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### Waiting Time Penalties

### Pursuant to California Labor Code § 203

42.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

43.     Pursuant to California Labor Code section 201, if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately. Pursuant to California Labor Code section 202, if an employee quits his or her employment, the wages earned and unpaid at the time of the discharge are due and payable within seventy-two (72) hours of the resignation.

44.     Plaintiff and other Class Members were either terminated by Medic or have resigned from their employment with Medic. In direct violation of California Labor Code sections

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

9

PLAINTIFF MEGHAN SILVA'S COMPLAINT
Case No.

1  201 and 202, Medic has failed to pay rest break compensation earned by Plaintiff and Class

2  Members who were not provided with rest breaks.

3       45.    Medic has willfully refused and continues to refuse to pay Plaintiff and Class

4  Members all wages earned, including premium wages, in a timely manner, as required by

5  California Labor Code section 203.

6       46.    Plaintiff and the Class Members have been damaged by said violations of

7  California Labor Code sections 203 and therefore request restitution and penalties as provided by

8  California Labor Code section 203.

9       Wherefore, Plaintiff and the Class request relief as hereinafter provided.

10 **FOURTH CAUSE OF ACTION**

11 **Violation of California Business and Professions Code §§ 17200, _et seq_.**

12      47.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

13 forth herein.

14      48.    California Business and Professions Code sections 17200, _et seq_. (also referred to

15 herein as the "Unfair Competition Law" or "UCL"), prohibits unfair competition in the form of

16 any unlawful, unfair, or fraudulent business acts or practices.

17      49.    California Business and Professions Code section 17204 allows a person injured

18 by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

19      50.    Labor Code section 90.5(a) states it is the public policy of California to vigorously

20 enforce minimum labor standards in order to ensure employees are not required to work under

21 substandard and unlawful conditions, and to protect employers who comply with the law from

22 those who attempt to gain competitive advantage at the expense of their workers by failing to

23 comply with minimum labor standards.

24      51.    Beginning at an exact date unknown to Plaintiff, but at least since the date four (4)

25 years prior to the filing of this suit, Medic has committed acts of unfair competition as defined by

26 the Unfair Competition Law, by engaging in the unlawful, unfair and fraudulent business acts and

27 practices described in this Complaint, including but not limited to:

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

10

PLAINTIFF MEGHAN SILVA'S COMPLAINT
Case No.

a.   Violation of Labor Code section 226.7 and Wage Order No. 4 pertaining to rest breaks as set forth above in the First Cause of Action;

b.   Violation of Labor Code section 226 pertaining to providing accurate itemized wage statements as set forth above in Second Cause of Action; and

d.   Violations of Labor Code sections 201-203 pertaining to timely payment of wages as set forth above in the Third Cause of Action.

52.   In addition, Medic's failure to pay rest break premiums in a timely fashion also constitutes a violation of California Labor Code section 204 which requires that all wages are paid in semimonthly payments. In direct violation of this provision of the Labor Code, Medic has to date failed to pay rest break compensation earned by Plaintiff and the Class Members for their rest breaks that were not provided.

53.   In addition to the unlawful nature of the aforementioned violations of California Labor Code sections 201-204, 226 and 226.7, Medic's actions and practices have taken wages from Plaintiff and the Class Members rightfully due to them and have denied Plaintiff and Class Members the valuable benefit of protection by California's wage and hour laws and regulations, while enabling Medic to gain an unfair competitive advantage over law-abiding employers and competitors.

54.   Plaintiff and the Class Members are entitled to restitution pursuant to Business and Professions Code section 17203 for all wages and payments unlawfully withheld from employees during the four (4)-year prior to the filing of this Complaint as well as restitution for the value of the loss of statutory and regulatory protections.

55.   Business and Professions Code section 17203 and Code of Civil Procedure section 526(a)(4) provide that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

56.   Injunctive relief is necessary and appropriate to prevent Medic from repeating its unlawful, unfair and fraudulent business acts and business practices alleged above.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

11

PLAINTIFF MEGHAN SILVA'S COMPLAINT
Case No.

57.     As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

58.     Business and Professions Code section 17202 provides: "Notwithstanding section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff and Class Members are entitled to enforce all applicable penalty provision of the Labor Code pursuant to Business and Professions Code section 17202.

59.     Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of herself, as well as other similarly situated. Plaintiff and the Class Members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

60.     Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure section 1021.5 and otherwise.

Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and each member of the Class, prays for relief against Medic as follows:

1.     For an order certifying the Class, as alleged above, for class treatment under Code of Civil Procedure section 382, appointing Plaintiff as Representative of the Class, as alleged above, and appointing Plaintiff's attorneys as Class Counsel for the Class;

2.     For a declaratory judgment that Medic has violated the California Labor Code, IWC wage orders and public policy as alleged herein;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFF MEGHAN SILVA'S COMPLAINT
Case No.

3.      For a declaratory judgment that Medic has violated Business and Professions Code sections 17200, *et seq.*, as a result of the aforementioned violations of the Labor Code and IWC wage orders and of California public policy protecting wages;

4.      For preliminary, permanent and mandatory injunctive relief prohibiting Medic, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

5.      For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

6.      For an order awarding Plaintiff and the Class damages, premium wages, earnings, penalties, restitution, and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts, according to proof;

8.      For an award of reasonable attorneys' fees as provided by law;

9.      For all costs of suit;

10.     For such other and further relief as this Court deems just and proper.

Dated: February 24, 2017

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
Jannah V. Manansala
Michael D. Burstein
Caitlin Gray

Attorneys for Plaintiff MEGHAN SILVA

142835\902079.v2

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFF MEGHAN SILVA'S COMPLAINT
Case No.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jannah V. Manansala, SB No. 249376
Michael D. Burstein, SB No. 248516/Caitlin Gray, SB No. 305118
WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200, Alameda, CA 94501
TELEPHONE NO.: (510) 337-1001   FAX NO.: (510) 337-1023
ATTORNEY FOR *(Name):* jmanansala/mburstein/cgray@unioncounsel.net

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield, CA 94553
BRANCH NAME: Old Solano Courthouse

**ENDORSED FILED**
Clerk of the Superior Court

FEB 2 4 2017

J. SAPP-CHUN

By_____
DEPUTY CLERK

CASE NAME:
Meghan Silva v. Medic Ambulance Service, Inc, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: FCS048440 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter | ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: PAUL L. BEEMAN   DEPT: 1 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 24, 2017

MICHAEL D. BURSTEIN
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**

**CIVIL DIVISION**

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):   MEGHAN SILVA, on behalf of herself and others
similarly situated

Defendant(s):   MEDIC AMBULANCE SERVICE, INC., and
DOES 1 through 50, inclusive

Case No.   FCS048440

**NOTICE OF CASE MANAGEMENT
CONFERENCE ONE
AND
NOTICE OF ASSIGNMENT OF
JUDGE FOR ALL PURPOSES**

---

PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN
CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:

Date:  JUNE 13, 2017                    Time:  8:30 a.m.

THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO: Judge Paul L. Beeman, Department 1

ALL HEARINGS WILL BE HELD AT:  580 Texas Street, Fairfield, California 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management
Conference One and any Case Management Conference Two set by the court are as follows:

1.     Service of the complaint must be within sixty (60) calendar days of the date of filing.

2.     Service and filing of any responsive pleadings must be within thirty (30) days after service of the
complaint. The time for filing responsive pleadings may not be extended except as authorized by law.
Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and
serving a responsive pleading within this deadline.

3.     Plaintiff shall serve a copy of this *Notice of Case Management Conference One and Notice of Assignment
of Judge for All Purposes ("Notice of CMC One")* on all defendants with the complaint.

4.     Any party serving a cross-complaint shall serve a copy of this *Notice of CMC One* on each cross-
defendant with the cross-complaint.

5.     Any cross-complaint served after Case Management Conference One has been held shall have a *Notice
of Case Management Conference Two* served with it.

6.     At least thirty days before the date set for Case Management Conference One, all counsel and self-
represented parties shall comply with the meet and confer obligations of California Rules of Court, rule 3.724.

7.     A *Case Management Statement* (Judicial Council form CM-110) shall be filed with the court and served on
all parties by each counsel by the 15th calendar day before the date set for Case Management Conference
One.

8.     At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00
on or before the initial case management conference or as otherwise provided by statute.

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

9. At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the Case Management Statement for Case Management Conference Two.

10. Each counsel shall complete, file, and serve on all parties a completed Case Management Statement by the 15th calendar day before the date set for Case Management Conference Two.

11. At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

12. The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a Case Management Statement is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

> COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL AND STATEWIDE RULES REGARDING CIVIL LITIGATION. They are available at:
> http://www.courts.ca.gov/rules.htm
> http://www.solano.courts.ca.gov/LocalRulesofCourt.html

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☑ I personally served the person named below on (date):_____ 2/24/17 _____ at
(time)_____ 3:12PM _____.

Name: _____ CLIFF JACOBS (FIRST LEGAL) _____

☐ Party      ☐ Attorney of Record      ☐ Representative

I, CLIFF JACOBS (FIRST LEGAL) , acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.*

Date: _____ 2/24/17 _____     Signature _____

☐ I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated. Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

☐ See attached for additional service addresses

Date: FEBRUARY 24, 2017

Clerk of the Court
Superior Court of California, County of Solano

By: _____ J. SAPP-CHUN _____

Deputy Clerk

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

# EXHIBIT C

0.0

1  CAROTHERS DISANTE & FREUDENBERGER LLP
       Jeremy T. Naftel, State Bar No. 185215
2      jnaftel@cdflaborlaw.com
       Corey J. Cabral, State Bar No. 286712
3      ccabral@cdflaborlaw.com
   900 University Avenue, Suite 200
4  Sacramento, California 95825
   Telephone: (916) 361-0991
5  Facsimile: (916) 570-1958

6  Attorneys for Defendant
   MEDIC AMBULANCE SERVICE, INC.
7

**ENDORSED FILED**
Clerk of the Superior Court

APR 1 9 2017

J . SAPP-CHUN
By _____
         DEPUTY CLERK

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **COUNTY OF SOLANO**

10

11  MEGHAN SILVA, on behalf of herself and      ) Case No. FCS048440
    others similarly situated,,                 )
12                                              ) CLASS ACTION
                    Plaintiff,                   )
13         vs.                                   ) Assigned for All Purposes to
                                                ) Judge Paul L. Beeman
14  MEDIC AMBULANCE SERVICE, INC., and          )
    DOES 1 through 50, inclusive,,              ) **DEFENDANT MEDIC AMBULANCE**
15                                              ) **SERVICE, INC.'S ANSWER TO**
                    Defendant.                   ) **PLAINTIFF'S FIRST AMENDED**
16                                              ) **COMPLAINT**
                                                )
17  _____    ) Action Filed:   February 24, 2017

18

19         Defendant MEDIC AMBULANCE SERVICE, INC. ("Defendant") hereby submits the

20  following Answer to the Class Action Complaint ("Complaint") of Plaintiff MEGHAN SILVA

21  ("Plaintiff").

22                          <u>**GENERAL DENIAL**</u>

23         Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant

24  generally denies each and every material allegation in the Complaint herein, denies that Plaintiff

25  and members of the proposed class were damaged in any manner, amount, or sum whatsoever, and

26  denies that Plaintiff and members of the proposed class have sustained any injury, damage or loss

27  by reason of any conduct, action, error or omission on the part of Defendant or any affiliated entity,

28  agent, employee or any other person acting under the Defendant's authority or control.

                                   1
                                          DEFENDANT MEDIC AMBULANCE
                                   SERVICE, INC.'S ANSWER TO PLAINTIFF'S
                                          FIRST AMENDED COMPLAINT

1205926.1

**F I L E D   B Y   F A X**

**AFFIRMATIVE DEFENSES**

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein at any time pursuant to California Code of Civil Procedure and/or Court order.

Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate affirmative defenses to the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1.      The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to state a claim on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(No Injury in Fact or Loss of Money and Property)

2.      Defendant alleges on information and belief that Plaintiff and the members of the proposed class have not sustained the required injury in fact and/or lost the requisite money or property necessary to confer standing to pursue claims under California Business and Professions Code sections 17200 *et seq.*, or for other claims.

**THIRD AFFIRMATIVE DEFENSE**

(Not An Employer)

3.      Plaintiff's and the proposed class members' claims are barred, in whole or in part, to the extent that Defendant did not employ Plaintiff or any of the proposed class members.

**FOURTH AFFIRMATIVE DEFENSE**

(No Ascertainable Class or Community of Interest)

4.      Plaintiff and the proposed class members do not meet the elements which are necessary for class action treatment because there is no ascertainable class and no well-defined community of interest among the proposed class members.

/ / /

DEFENDANT MEDIC AMBULANCE
SERVICE, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

1205926.1

**FIFTH AFFIRMATIVE DEFENSE**

(Joinder Not Impracticable/No Numerosity)

5.   Plaintiff and the proposed class members do not meet the elements which are necessary for class treatment because the proposed class members are not so numerous so as to make joinder impracticable.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Satisfy Requirements of Representative Class)

6.   Plaintiff has failed to plead adequately the elements that are necessary for class action treatment or to maintain a representative claim under California Business and Professions Code sections 17200, *et seq.* because all members of the proposed class that are purportedly represented by Plaintiff are not similarly situated to each other or to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

7.   Plaintiff lacks standing to maintain the claims alleged in the Complaint, either on her own behalf or in a purported class or representative capacity.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure of Proposed Class Representative to Have Claims Typical of the Class)

8.   Plaintiff and the proposed class members do not meet the elements which are necessary for class action treatment because Plaintiff, the proposed class representative, does not have claims typical of the proposed class members she purports to represent.

**NINTH AFFIRMATIVE DEFENSE**

(Failure of Predominant Common Questions of Law or Fact)

9.   Plaintiff and the proposed class members do not meet the elements which are necessary for class action treatment because there are no predominant common questions of law or fact between the proposed class representative and the proposed class members.

/ / /

/ / /

/ / /

DEFENDANT MEDIC AMBULANCE
SERVICE, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

1205926.1

1

**TENTH AFFIRMATIVE DEFENSE**

2

(Not Manageable as a Class Action.)

3      10.     Plaintiff and the proposed class members do not meet the elements which are

4   necessary for class action treatment because the claims in the Complaint would not be manageable

5   as a class action, in part due to the individual inquiries that would be involved concerning the

6   differences between and among Plaintiff and the proposed class members.

7

**ELEVENTH AFFIRMATIVE DEFENSE**

8

(Class Action Not Superior Method of Adjudication)

9      11.     Plaintiff and the proposed class members do not meet the elements which are

10   necessary for class action treatment because the class action procedure is not superior to less

11   burdensome procedures including separate lawsuits, hearings by the Division of Labor Standards

12   Enforcement, or Small Claims Court proceedings.

13

**TWELFTH AFFIRMATIVE DEFENSE**

14

(Violation of Constitutional Rights)

15      12.     The relief requested in the Complaint by Plaintiff and proposed class members

16   pursuant to California Business and Professions Code sections 17200 *et seq.*, violates Defendant's

17   constitutional rights under provisions of the United States and California Constitutions, including

18   but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United

19   States Constitution, because Plaintiff's claims that she and members of the proposed class were not

20   authorized or permitted to take rest periods cannot be addressed without individual inquiry as to

21   whether rest periods were authorized and permitted, and if Plaintiff and the proposed class

22   members did not timely take appropriate rest periods when authorized and permitted, their reasons

23   for not doing so.  Further, Plaintiff's claim that she and members of the proposed class were not

24   timely or properly paid cannot be addressed without individual inquiry.  As fa result, a class cannot

25   be certified without denying Defendant the right to confront its individual accusers and present a

26   defense as to each proposed class member.

27   ///

28   ///

4

1205926.1

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Laches)

13.     Defendant is informed and believes, and on that basis alleges, that Plaintiff's and the proposed class members' claims, and each of them, are barred by the doctrine of laches because Plaintiff and the proposed class members failed to raise their alleged claims in a timely fashion, to the prejudice of Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Statutes of Limitations)

14.     The Complaint, and each cause of action contained therein, is barred in whole or in part, by the applicable statutes of limitations, including but not limited to: California Code of Civil Procedure sections 337(1), 338(a), 339(1), 340(a), 340(b), and 343, California Labor Code sections 200 et seq., and California Business and Professionals Code section 17208.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Plaintiff's Own Conduct)

15.     Plaintiff's and the proposed class members' claims are barred, in whole or in part, because if Plaintiff or the proposed class members suffered or sustained any damage, injury or detriment, as alleged in the Complaint, such injury was caused by Plaintiff's or the proposed class members' own conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Consent)

16.     Plaintiff and the proposed class members are unable to state a cause of action against Defendant because they consented to any and all actions allegedly taken by Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Waiver)

17.     Plaintiff and the proposed class members have waived the right, by reason of their conduct and actions, to assert the claims alleged in the Complaint to the extent that Plaintiff's claims and those of members of the proposed class have been waived by the actions of the Plaintiff and the proposed class members in choosing, at their own discretion, to: either not take their rest

DEFENDANT MEDIC AMBULANCE
SERVICE, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

1205926.1

1  periods when authorized and permitted, to take them later or for a shorter time than authorized

2  and/or permitted, or to notify Defendant of any occasion on which they believed a rest period was

3  not authorized and permitted; to not notify Defendant if and when they were allegedly improperly

4  paid, to secrete or absent themselves to avoid payment, or to refuse to receive payments fully

5  tendered by Defendant; and to not notify Defendant of any necessary expenditures or losses they

6  may have incurred in direct consequence of the discharge of their duties or in obedience to

7  Defendant's direction.

8  **EIGHTEENTH AFFIRMATIVE DEFENSE**

9  (Estoppel)

10  18.    Plaintiff and the proposed class members are barred, in whole or in part, by the

11  doctrine of estoppel, as Plaintiff and the proposed class members took actions to lead Defendant to

12  believe that they were authorized and permitted to take their rest periods and were timely and

13  properly paid, to Defendant's detriment, and are estopped to deny they were authorized and

14  permitted to take rest periods and were timely and properly paid.

15  **NINETEENTH AFFIRMATIVE DEFENSE**

16  (Unclean Hands)

17  19.    Plaintiff and the proposed class members are barred, in whole or in part, by the

18  doctrine of unclean hands because Plaintiff and the proposed class members acted unreasonably by

19  failing to notify Defendant if there were occasions on which they were not authorized and

20  permitted to take rest breaks in accordance with Defendant's legally compliant policy, or if there

21  were occasions on which they were not paid timely, properly, and completely.

22  **TWENTIETH AFFIRMATIVE DEFENSE**

23  (Avoidable Consequences Doctrine)

24  20.    The claims of Plaintiff and the class she purports to represent is barred, in whole or

25  in part, on the basis of the avoidable consequences doctrine.  Plaintiff and proposed class members

26  could have avoided any alleged failure to authorize and permit rest periods, or to be timely and

27  properly paid, by notifying Defendant immediately if rest periods were not authorized and

28  / / /

6

DEFENDANT MEDIC AMBULANCE
SERVICE, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

1  permitted, or if they were not timely or properly paid.  The failure to so notify was unreasonable

2  and denied Defendant the opportunity to cure, if any cure was necessary.

3  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

4  (Failure to Comply With Employer's Directions -- Labor Code Section 2856)

5  21.  The Complaint, and each cause of action contained therein, is barred in whole or in

6  part, because Plaintiff and the proposed class members did not comply substantially with all the

7  directions of Defendant concerning rest periods, and documenting their work hours and expenses,

8  including any failure to notify Defendant if rest periods were not authorized and permitted.

9  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

10  (No Entitlement to Injunctive Relief)

11  22.  Plaintiff and the proposed class members are precluded from recovering injunctive

12  relief, either in whole or in part, because Plaintiff and the proposed class members have not and

13  cannot allege or prove that irreparable harm will result if injunctive relief is denied.

14  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

15  (No Entitlement To Restitution)

16  23.  Plaintiff and the proposed class members are precluded from recovering restitution,

17  in whole or in part, from Defendant, under the applicable provisions of the law because neither

18  Plaintiff nor the proposed class members can specify quantifiable monetary amounts converted

19  from Plaintiff and the proposed class members by Defendant for which restitution is owed.

20  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

21  (Lack of Proximate Cause)

22  24.  Plaintiff's and the proposed class members' claims are barred, in whole or in part,

23  because Plaintiff and the proposed class members suffered no monetary losses as a result of the

24  alleged wrongful conduct, or alternatively, any losses were not the legal result of any alleged

25  wrongful conduct on the part of Defendant.

26  / / /

27  / / /

28  / / /

7  DEFENDANT MEDIC AMBULANCE
SERVICE, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

1205926.1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

25.     The equitable relief requested by Plaintiff and the proposed class members, including such relief pursuant to California Business and Professions Code sections 17200 *et seq.*, should be denied because Plaintiff and the proposed class members have an adequate remedy at law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

26.     Plaintiff's and the proposed class members' claims are barred in whole or in part to the extent that Plaintiff and the proposed class members, in the exercise of reasonable diligence, could have mitigated, minimized, or avoided the any alleged damages and/or monetary losses as well as any alleged violations of law, regulation, statute, and/or the Defendant's policies, practices and/or procedures by notifying Defendant of such violations immediately, in accordance with Defendant's legally compliant policies and practices and the applicable collective bargaining agreement.   Plaintiff and the proposed class members, in the exercise of reasonable diligence, could have mitigated the alleged monetary losses to themselves, if any, by using Defendant's internal complaint procedures and those provided by the applicable collective bargaining agreement, and their failure to do so was not reasonable.  The failure to so notify was unreasonable and denied Defendant the opportunity to cure, if any cure was necessary.  As a result, Plaintiff and the proposed class members are barred, in whole or in part, from recovering any money from Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Release)

27.     Plaintiff is barred from proceeding with any claims, including the claims alleged in this action, because she settled and released her claims against Defendant.  To the extent that any proposed class members may have settled and/or released their claims against Defendant, they are barred from proceeding with any claims against Defendant, including any claims alleged in this action.

8

DEFENDANT MEDIC AMBULANCE
SERVICE, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

1205926.1

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction

28.     The Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of accord and satisfaction.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Defendant's Policies and Practices Were Lawful)

29.     At all relevant times, Defendant had legally compliant wage and hour policies, practices, and procedures, including those pertaining to rest breaks and payment of wages, which Defendant communicated to Plaintiff and the proposed class members and implemented.  As such, Plaintiff's and the proposed class members' claims are barred to the extent they allege that Defendant's wage and hour policies are unlawful.

**THIRTIETH AFFIRMATIVE DEFENSE**

(No Violation of Underlying State or Federal Law)

30.     Defendant is not liable for unlawful business practices pursuant to California Business and Professions Code sections 17200 *et seq.*, because it did not violate any underlying state law, federal law, or public policy.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Good Faith Basis)

31.     At all relevant times, Defendant had a good faith and reasonable basis to believe that Plaintiff and the proposed class members were provided and authorized and permitted to take legally compliant rest periods, provided complete and accurate itemized wage statements, and provided timely and appropriate pay for all time worked in compliance with all applicable laws, statutes, and regulations.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(No Unfair, Misleading, or Deceptive Business Practices)

32.     Defendant is not liable for violation of unfair business practices pursuant to California Business and Professions Code sections 17200 *et seq.*, because its business practices

/ / /

9

1205926.1

1  were not unfair, not deceptive, and not likely to mislead anyone; and Defendant's practices

2  complied with California law.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Benefits of Business Practice)

5       33.    Defendant is not liable for any alleged unfair business practices under California

6  Business and Professions Code section 17200, *et seq.*, as the benefits of Defendant's practices to

7  Plaintiff and the proposed class members outweighs whatever particular alleged harm or impact the

8  practices allegedly caused them.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Privilege/Legitimate Business Reasons)

11       34.    Plaintiff's and the proposed class members' claims are barred in whole or in part

12  because Defendant had an honest, good faith belief that all decisions, if any, affecting Plaintiff and

13  the proposed class members were made by Defendant solely for legitimate, business-related

14  reasons that were neither arbitrary, capricious, nor unlawful and were reasonably based upon the

15  facts as Defendant understood them.  As such, the alleged conduct of Defendant was at all times

16  justified, fair, privileged, and undertaken in the good faith exercise of a valid business purpose.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Good-Faith Dispute)

19       35.    The Complaint, and each cause of action therein, fails to state a claim for penalties

20  under California Labor Code §§ 203 and 226(e) because there was and remains a good-faith

21  dispute as to Defendant's obligation to pay any wages to Plaintiff and the proposed class members

22  that may be found to be due.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Unreasonable and/or Oppressive Penalties)

25       36.    An award of penalties in this action would be unreasonable and/or oppressive and

26  would violate Defendant's due process and equal protection rights under the United States

27  Constitution and the California Constitution.

28  / / /

10

DEFENDANT MEDIC AMBULANCE
SERVICE, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

1205926.1

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(No Willfulness)

37.     Defendant did not act willfully or with knowledge or reckless disregard as to whether its conduct violated California wage and hour laws.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(No Knowledge, Authorization, or Ratification)

38.     Defendant is not liable for the alleged relief because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without the knowledge, authorization, or ratification of Defendant.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(No Entitlement to Penalties or Liquidated Damages)

39.     Plaintiff and the proposed class members are precluded from recovering penalties or liquidated damages from Defendant, under the applicable provisions of the law, including, without limitation, California Labor Code sections 225.5, 226(e), 226.7, and 1194.2, the due process clauses of the California and United States Constitutions, and the Fourteenth Amendment to the United States Constitution, Section 1.

### FORTIETH AFFIRMATIVE DEFENSE

(Offset)

40.     If it is determined that Defendant owes money to Plaintiff or the proposed class members, Defendant is entitled to an offset to the extent Plaintiff or the proposed class members owe money to Defendant.

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Unjust Enrichment)

41.     Plaintiff's and the proposed class members' claims are barred to the extent that any award in this action would constitute unjust enrichment.

/ / /

/ / /

/ / /

11

1205926.1

1

## FORTY-SECOND AFFIRMATIVE DEFENSE

2

(De Minimus)

3      42.    To the extent that the rest periods that were taken by the Plaintiff and the proposed

4 class members are alleged to have not been timely, any time involved was de minimus.  Further, to

5 the extent that any time was not specifically included in the pay to Plaintiff or the members of the

6 proposed class, any time involved was de minimus.  As a result, Plaintiff and the proposed class

7 members cannot recover for such circumstances.

8

## FORTY-THIRD AFFIRMATIVE DEFENSE

9

(Payment of Rest Period Premium Pay)

10     43.    During the relevant time, it was Defendant's policy and practice to pay rest period

11 premium pay to employees when Defendant became aware that any such employees were not

12 authorized and permitted to take legally compliant rest periods, and it was the obligation of the

13 Plaintiff and the members of the proposed class to notify Defendant if and when that occurred.  As

14 a result, Plaintiff and the proposed class members cannot recover for any violation resulting from a

15 failure to meet their obligation to notify Defendant of such circumstances.

16

## FORTY-FOURTH AFFIRMATIVE DEFENSE

17

(Release of Control During Rest Breaks)

18     44.    Plaintiff's and the proposed class members' claims are barred in whole or in part

19 because Defendant relieved them of all duties and relinquished control over how they spent their

20 time during the rest periods Defendant authorized and permitted them to take.

21

## FORTY-FIFTH AFFIRMATIVE DEFENSE

22

(No Hours Worked During Rest Breaks)

23     45.    Plaintiff's and the proposed class members' claims are barred in whole or in part

24 because they did not engage in "hours worked" pursuant to Industrial Welfare Commission Wage

25 Order 5, Section 2(K) and the Fair Labor Standards Act, during the rest periods Defendant

26 authorized and permitted them to take.

27 / / /

28 / / /

12

DEFENDANT MEDIC AMBULANCE
SERVICE, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

1

### FORTY-SIXTH AFFIRMATIVE DEFENSE

2

(Duplicative/Multiple Recovery)

3    46.    Plaintiff's and the proposed class members' claims are barred in whole or part to the

4 extent that Plaintiff and proposed class members seek a multiple recovery for the same alleged

5 wrong or wrongs.

6

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

7

(Unnecessary/Unreasonable Expenses Incurred)

8    47.    Plaintiff's and the proposed class members' claims are barred in whole or part to the

9 extent that Plaintiff and proposed class members seek recovery predicated on unnecessary or

10 unreasonable expenses they may have incurred.

11

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

12

(Attorneys' Fees Not Recoverable)

13    48.    Plaintiff and the proposed class members are precluded from recovering attorneys'

14 fees from Defendant under applicable provisions of law. Attorneys' fees are not recoverable

15 pursuant to Business and Professions Code sections 17200 *et seq.*, are specifically not available for

16 claims for violation of rest period laws, such as Labor Code section 226.7, and are therefore not

17 available under California Code of Civil Procedure section 1021.5. In addition, Plaintiff and the

18 proposed class bring purely personal claims and cannot establish that the outcome of the litigation

19 confers a substantial benefit on the general public, that private enforcement of the public right is

20 necessary, or that it would be unjust to pay attorneys' fees out of a recovery, if any.

21

### FORTY-NINTH AFFIRMATIVE DEFENSE

22

(Bad Faith)

23    49.    The Complaint was brought by Plaintiff in bad faith and is frivolous and by reason

24 of the conduct stated herein, Defendant is entitled to, and will seek, reasonable expenses, including

25 attorneys' fees, incurred in defending this action pursuant to California Code of Civil Procedure

26 section 128.7 and Labor Code section 218.5.

27 / / /

28 / / /

13

1205926.1

**FIFTIETH AFFIRMATIVE DEFENSE**

(Failure to Exhaust)

50.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies or prerequisites, including the grievance procedures under the applicable collective bargaining agreement, before filing suit.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

(Exemption)

51.     The Complaint, and each purported cause of action contained therein, are barred because pursuant to Labor Code Section 226.7, subdivision (e), the entirety of Section 226.7 does not apply to Plaintiff as she was exempt from meal or rest or recovery period requirements pursuant to other state laws, including but not limited to Labor Code Section 512, subdivisions (e), (f), and (g).

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

(LMRA Preemption)

52.     The Complaint, and each purported cause of action alleged therein, fail to allege facts sufficient to constitute causes of action against Defendant because section 301 of the Labor Management Relations Act, 29 U.S.C. §§ 151, et seq., preempts the application of state law to or assertion of jurisdiction over the claims asserted therein.  Because each of Plaintiff's and the proposed class members' claims are preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. §§ 151, et seq., Plaintiff's and the proposed class members' claims are subject to the provisions of the parties' collective bargaining agreement, including any agreement to arbitrate claims under the collective bargaining agreement.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

(California Labor Code Section 229)

53.     The Complaint, and each purported cause of action contained therein, are barred, as actions to enforce the collection of unpaid wages are precluded under California Labor Code § 229 when the dispute concerns the interpretation or application of any collective bargaining agreement containing an arbitration agreement.

14

DEFENDANT MEDIC AMBULANCE
SERVICE, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

1205926.1

1

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

2

(Mandatory Arbitration)

3  54.  Plaintiff's and the proposed class members' causes of action are barred, in whole or

4  in part, to the extent that Plaintiff and/or the proposed class members agreed that arbitration would

5  be the exclusive forum for the resolution of such disputes.

6

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

7

(Failure to State a Claim Pursuant to Collective Bargaining Agreement)

8  55.  Plaintiff's Complaint fails to state a claim in whole or in part because Plaintiff failed

9  to satisfy the terms and requirements of the applicable collective bargaining agreement and time for

10  satisfaction of such terms and requirements has passed.

11

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

12

(Additional Defenses)

13  56.  Defendant alleges that it presently has insufficient knowledge or information on

14  which to form a belief as to whether it may have additional, as yet unstated, defenses available.

15  Defendant reserves herein the right to assert additional defenses as permitted by the California

16  Code of Civil Procedure and/or Court order, in the event discovery or an investigation indicates

17  that they would be appropriate.

18

### PRAYER

19  WHEREFORE, Defendant prays for judgment as follows:

20  1.  For an order denying certification of the proposed class;

21  2.  That the Complaint be dismissed with prejudice;

22  3.  That Plaintiff takes nothing by reason of the Complaint or otherwise;

23  4.  That Defendant be awarded costs of suit incurred herein;

24  5.  That Defendant be awarded reasonable attorneys' fees; and

25  6.  For such other and further relief that this Court may deem just and proper.

26  / / /

27  / / /

28  / / /

15

1205926.1

1

2  Dated:  April 18, 2017                    CAROTHERS DISANTE & FREUDENBERGER LLP

3

4                                            By:  _____

5                                                       Corey J. Cabral
                                             Attorneys for Defendant
6                                            MEDIC AMBULANCE SERVICE, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    16          DEFENDANT MEDIC AMBULANCE
                                                SERVICE, INC.'S ANSWER TO PLAINTIFF'S
                                                FIRST AMENDED COMPLAINT

1205926.1

**<u>PROOF OF SERVICE</u>**

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 900 University Avenue, Suite 200, Sacramento, California 95825. On April 19, 2017, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANT MEDIC AMBULANCE SERVICE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

By placing a true copy thereof enclosed in sealed envelope(s) addressed as stated below: for processing by the following method:

Jannah V. Manansala
Michael D. Burstein
Caitlin Gray
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501

E-MAIL:    jmanansala@unioncounsel.net
           mburstein@unioncounsel.net
           cgray@unioncounsel.net

[X]  By placing such envelope(s) with postage thereon fully prepaid into Carothers DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carothers DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carothers DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Sacramento, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 19, 2017, at Sacramento, California.

| Morgan Krutulis | _(signature)_ |
|---|---|
| (Type or print name) | (Signature) |

# EXHIBIT D

0.0

CAROTHERS DISANTE & FREUDENBERGER LLP
  Jeremy T. Naftel, State Bar No. 185215
  jnaftel@cdflaborlaw.com
  Corey J. Cabral, State Bar No. 286712
  ccabral@cdflaborlaw.com
900 University Avenue
Suite 200
Sacramento, California 95825
Telephone:  (916) 361-0991
Facsimile:  (916) 570-1958

Attorneys for Defendant
MEDIC AMBULANCE SERVICE, INC.

**ENDORSED FILED**
Clerk of the Superior Court

APR 1 9 2017

J. SAPP-CHUN

By_____
           DEPUTY CLERK

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SOLANO**

|  |  |
|---|---|
| MEGHAN SILVA, on behalf of herself and others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>MEDIC AMBULANCE SERVICE, INC., and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No. FCS048440<br><br>Assigned for All Purposes to Judge Paul L. Beeman<br><br>**DEFENDANT MEDIC AMBULANCE SERVICE, INC.'S PEREMPTORY CHALLENGE TO JUDGE PAUL L. BEEMAN PURSUANT TO CCP § 170.6; DECLARATION OF COREY J. CABRAL**<br><br>Complaint Filed:   February 24, 2017 |

F
I
L
E
D

B
Y

F
A
X

CAROTHERS DISANTE &
FREUDENBERGER LLP

DEFENDANT'S PEREMPTORY CHALLENGE
TO JUDGE BEEMAN PURSUANT TO CCP §
170.6; DECLARATION OF COREY J. CABRAL

1199465.1

1   TO THE HONORABLE PAUL L. BEEMAN, JUDGE OF THE ABOVE-CAPTIONED

2   COURT:

3   The attorneys for Defendant Medic Ambulance Service, Inc. ("Medic") in the above-

4   entitled action, which involves contested issues of law and fact, and which has been assigned for all

5   purposes including trial to the Honorable Paul L. Beeman, Judge of the above-caption Court,

6   respectfully exercise a peremptory challenge pursuant to California Code of Civil Procedure

7   section 170.6 and request that this case be reassigned from the Honorable Paul L. Beeman to

8   another judge, and that no matters hereinafter arising in this action, including any hearing or trial,

9   be heard or assigned to the Honorable Paul L. Beeman on the grounds that Judge Beeman is

10   prejudiced against Defendant and/or the interests of the Defendant in this action.

11   This Motion is based on the matters contained herein, on California Code of Civil

12   Procedure section 170.6, the supporting Declaration of Corey J. Cabral, filed concurrently

13   herewith, and, if deemed necessary, such oral and documentary evidence relevant to the

14   determination of the Motion.

15   WHEREFORE, Defendant prays that the relief requested herein be granted.

16

17   Dated:  April 18, 2017                    CAROTHERS DISANTE & FREUDENBERGER LLP

18

19                                            By: _____

20                                                        Corey J. Cabral
                                              Attorneys for Defendant
                                              MEDIC AMBULANCE SERVICE, INC.
21

22

23

24

25

26

27

28

                                                  1

1199465.1

## DECLARATION OF COREY J. CABRAL

I, Corey J. Cabral, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court.  I am an attorney with the law firm of Carothers DiSante & Freudenberger LLP, counsel of record for Defendant Medic Ambulance Service, Inc. in the above-entitled action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      This Declaration is submitted in support of Defendant's Peremptory Challenge of the Honorable Judge Paul L. Beeman, in which Defendant respectfully requests an Order disqualifying Judge Beeman, the Superior Court Judge to whom the above-entitled action has been assigned for all purposes including trial, from presiding over any matter hereinafter arising in this action, including any hearing or trial.

3.      I am informed and believe that the Honorable Judge Beeman is prejudiced against Defendant or the interests of Defendant.  On that basis, Defendant and the undersigned believe they cannot have a fair and impartial hearing before Judge Beeman.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on April 18, 2017, at Sacramento, California.

_____
Corey J. Cabral

DEFENDANT'S PEREMPTORY CHALLENGE
TO JUDGE BEEMAN PURSUANT TO CCP §
170.6; DECLARATION OF COREY J. CABRAL

1199465.1

1

**PROOF OF SERVICE**

2

3       STATE OF CALIFORNIA, COUNTY OF SACRAMENTO.

4

5       I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 900 University Avenue, Suite 200, Sacramento, California 95825.  On April 19, 2017, I served upon the interested

6       party(ies) in this action the following document described as:

7       **DEFENDANT MEDIC AMBULANCE SERVICE, INC.S PEREMPTORY CHALLENGE TO JUDGE PAUL L. BEEMAN PURSUANT TO CCP § 170.6; DECLARATION OF**

8       **COREY J. CABRAL**

9       By placing a true copy thereof enclosed in sealed envelope(s) addressed as stated below: for processing by the following method:

10

11      Jannah V. Manansala
        Michael D. Burstein
        Caitlin Gray

12      Weinberg, Roger & Rosenfeld
        1001 Marina Village Parkway, Suite 200

13      Alameda, CA  94501

14      Email:  jmanansala@unioncounsel.net

15              mburstein@unioncounsel.net
                cgray@unioncounsel.net

16

        ☒   By placing such envelope(s) with postage thereon fully prepaid into Carothers DiSante &

17          Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice.  I am familiar with the office practice of Carothers DiSante &

18          Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carothers DiSante &

19          Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office,

20          substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Sacramento, California.

21

22      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23      Executed on April 19, 2017, at Sacramento, California.

24

25      _____            _____
        Morgan Krutulis

        (Type or print name)                   (Signature)

26

27

28

MASTER CAPTION

Carothers DiSante &
Freudenberger LLP

1199466.1