UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGHAN SILVA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIC AMBULANCE SERVICE, INC.,<br><br>Defendant. | No. 2:17-cv-00876-TLN-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

This matter is before the Court on Plaintiff Meghan Silva's ("Plaintiff") Motion to Remand. (ECF No. 6.) Defendant Medic Ambulance Service, Inc. ("Defendant") opposes the motion. (ECF No. 7.) For the reasons set forth below, the Court hereby DENIES Plaintiff's Motion to Remand. (ECF No. 6.)

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On March 2, 2017, Plaintiff filed a class action in the Superior Court of California, County of Solano. (Notice of Removal, ECF No. 1 at 13–25.) Plaintiff was previously employed by Defendant in Solano County as an Emergency Medical Technician from June 2013 to June 2014. (ECF No. 1 at 14.)

The complaint alleges Defendant violated: (1) California Labor Code § 226.7 and Industrial Welfare Commission Wage Order No. 4 by failing to provide its employees with adequate rest breaks; (2) California Labor Code § 226 by failing to provide regular accurate

1

itemized wage statements; and (3) California Labor Code §§ 201-203 by failing to pay rest break compensation to Plaintiff and class members who were not given rest breaks. (ECF No. 1 at 7, 9–10.) Plaintiff also alleges Defendant violated California Business and Professions Code §§ 17200, *et seq.* (the California Unfair Competition Law) by violating the aforementioned Labor Code sections, which gave it "an unfair competitive advantage over law-abiding employers and competitors." (ECF No. 1 at 10–11.)

On April 25, 2016, Defendant filed a Notice of Removal in the United States District Court for the Eastern District of California. (ECF No. 1.) In the Notice of Removal, Defendant asserts "one or more of Plaintiff's claims is completely preempted by" Section 301 of the Labor Management Relations Act ("LMRA"). (ECF No. 1 at 3.) Defendant argues the character of Plaintiff's complaint is "predicated on rights negotiated, bargained for, and agreed to by [Defendant] and the Union" that resulted in the ratification of the collective bargaining agreement ("CBA"). (ECF No. 1 at 4.) Plaintiff moved to remand the action on June 29, 2017. (ECF No. 6.)

**II.    STANDARD OF LAW**

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

A corollary to the "well-pleaded complaint rule" is the "complete preemption" doctrine. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). Under this doctrine, the preemptive force of a federal statute may be strong enough to convert state law claims into federal claims. *Id.* Complete preemption recognizes the importance of creating a single body of federal law for areas that would likely "be affected by separate systems of substantive law." *See Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962).

The Supreme Court has held that the complete preemption doctrine applies to Section 301 of the LMRA. *Id.* If a claim derived from a CBA is preempted, it is said to be one arising under "the laws of the United States" within the meaning of the removal statute and within the "original jurisdiction" of the district courts. *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 560 (1968). State law does not provide for an independent source of private rights to enforce CBAs. *Id.* at 560–561.

The Supreme Court has insisted that Section 301 does not preempt "every dispute concerning employment, or tangentially involving a provision of a collective bargaining agreement." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). The Ninth Circuit has provided that a state law claim is not preempted "unless it necessarily requires the court to *interpret* an existing provision of a CBA." *Cramer v. Consol Freightways*, 225 F.3d 683, 691 (9th Cir. 2001) (en banc) (as amended) (emphasis added). Merely "[looking] to" the CBA does not mean that a state law claim will be defeated by Section 301. *Livadas v. Bradshaw*, 512 U.S. 107, 124–125 (1994). The Ninth Circuit has also stated that "interpret" is defined narrowly, and "means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000).

Federal law preempts state law claims based directly on rights created by CBAs and claims that are substantially dependent on analysis of the agreement. *Lingle v. Norge Div. of*

*Magic Chef, Inc.*, 486 U.S. 399, 405–406 (1988). To determine whether a claim meets the "substantially dependent" standard, courts will look at whether evaluation of the claim is "inextricably intertwined" with consideration of labor contract terms. *See Allis-Chalmers Corp.*, 471 U.S. at 213. Courts will also look at whether the state law claim derives or is implied from the contract rights established under the CBA. *Id.* at 220.

### III. ANALYSIS

Plaintiff argues that Defendant incorrectly based its removal to federal court on the idea that the state law claims are fully preempted by Section 301 because Plaintiff and the potential class members work subject to a CBA. (ECF No. 6-1 at 1.) Plaintiff asserts that her claims do not require an interpretation of the CBA, but involve Defendant's violation of California labor laws. (ECF No. 6-1 at 1.) Defendant argues that Plaintiff's claims will require judicial interpretation of the CBA. (ECF No. 1 at 5–6.) This Court agrees.

Section 301 preempts state law claims where a provision of a CBA needs to be interpreted to resolve the claim. *Cramer*, 225 F.3d at 691. Interpretation is required when claims are "inextricably intertwined" with the CBA terms, or derived or implied from rights under the CBA. *Allis-Chalmers Corp.*, 486 U.S. at 213, 220. Plaintiff brings claims in her complaint that involve provisions of the CBA between her Union and Defendant. In order to resolve Plaintiff's claims, the Court will need to not merely "look at" the CBA, but it will need to interpret its provisions. Plaintiff's state law claims asserting Defendant's failure to provide adequate rest breaks, regular accurate itemized wage statements, and rest break compensation are all "inextricably intertwined" with various CBA terms because the rights are derived from the CBA itself.

For example, Plaintiff alleges in her first claim that Defendant failed to provide her and class members with adequate rest breaks. (ECF No. 1 at 19.) Defendant cites to pages 14 and 15 of the CBA that covers the section on paid breaks. (ECF No. 1 at 5.) This section states that "employees on a rest period may be interrupted for all calls or requests for service. If the Employer fails to provide an employee a rest period… the Employer shall pay the employee one (1) hour of pay… for each workday that a rest period is not provided." (ECF No. 1-1 at 14.) Defendant also cites to pages 1, 2, 4, 5, 13, 29, and 33 of the CBA that covers, among other

4

things, shifts, scheduling, employees' duties, the scope and nature of the work, wages, hours of work, meal periods, arbitration, etc. (ECF No. 1-1 at 5–9.) Resolution of Plaintiff's first claim will substantially depend on an analysis of these provisions in the CBA, such as whether or not interrupting for calls or requests constitutes failure to provide rest periods.

Defendant has established its burden of showing that Section 301 preempts Plaintiff's state law claims and thus, federal question jurisdiction exists. Accordingly, this Court has subject matter jurisdiction over Plaintiff's claims and Plaintiff is not entitled to remand this action to state court.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion to Remand. (ECF No. 6.) The parties shall file a Joint Status Report within thirty (30) days of this Order.

IT IS SO ORDERED.

Dated: October 10, 2017

Troy L. Nunley
United States District Judge