UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGHAN SILVA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEDIC AMBULANCE SERVICE, INC.,<br><br>　　　　Defendant. | No. 2:17-cv-00876-TLN-CKD<br><br>**ORDER** |

  This matter is before the Court on Defendant Medic Ambulance Service, Inc.'s ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 14.) Plaintiff Meghan Silva ("Plaintiff") filed an opposition. (ECF No. 16.) Defendant filed a reply. (ECF No. 20.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///
///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On March 2, 2017, Plaintiff filed a class action in the Superior Court of California, County of Solano. (ECF No. 1 at 13–25.) Plaintiff was previously employed by Defendant in Solano County as an Emergency Medical Technician ("EMT") from June 2013 to June 2014. (*Id.* at 14.) The Complaint alleges Defendant violated: (1) California Labor Code § 226.7 and Industrial Welfare Commission Wage Order No. 4 by failing to provide its employees with adequate rest breaks; (2) California Labor Code § 226 by failing to provide regular accurate itemized wage statements; and (3) California Labor Code §§ 201–203 by failing to pay rest break compensation to Plaintiff and class members who were not given rest breaks. (*Id.* at 7, 9–10.) Plaintiff also alleges Defendant violated California Business and Professions Code §§ 17200, *et seq.*, by violating the aforementioned Labor Code sections which gave it "an unfair competitive advantage over law-abiding employers and competitors." (*Id.* at 10–11.)

On April 25, 2016, Defendant removed the action to this Court. (ECF No. 1.) In the notice of removal, Defendant asserted the Court has subject matter jurisdiction because "one or more of Plaintiff's claims is completely preempted by" § 301 of the Labor Management Relations Act ("§ 301"). (*Id.* at 3.) Plaintiff moved to remand on June 29, 2017. (ECF No. 6.) This Court denied Plaintiff's motion to remand on October 12, 2017, finding that removal was proper because § 301 preempted Plaintiff's state law claims. (ECF No. 11 at 5.)

Defendant filed the instant motion on February 23, 2018, raising various substantive and procedural grounds for dismissal. (ECF No. 14.) Plaintiff filed an opposition on March 22, 2018. (ECF No. 16.) Defendant filed a reply on March 29, 2018. (ECF No. 20.) On November 11, 2018, Defendant filed a notice of supplemental authority, citing the Emergency Ambulance Employee Safety and Preparedness Act, California Labor Code §§ 880, *et seq.* ("Proposition 11"), which was enacted while Defendant's motion was pending.[1] (ECF No. 22.) According to Defendant, Plaintiff's primary claim is that Defendant employed her as an EMT and required her to remain "on call" during her rest breaks. (*Id.* at 3.) Defendant argues Proposition 11 expressly provides that the alleged "on

---

[1]     Proposition 11 was approved November 6, 2018 and became effective December 19, 2018. Cal. Lab. Code § D. 2, Pt. 2, Ch. 7, art. 4, Refs & Annos.

2

call" rest period practice was allowable under existing law and further provides that the practice is now required of all EMTs working for emergency ambulance providers. (*Id.*) As such, Defendant argues Proposition 11 completely resolves Plaintiff's rest period claims and derivative claims and provides additional grounds to dismiss Plaintiff's case with prejudice. (*Id.* at 2.) Plaintiff responded to Defendant's notice of supplemental authority and argued, among other things, that Proposition 11 has no effect on this case because it does not apply retroactively. (ECF No. 23 at 1.)

On April 2, 2020, this Court issued a minute order directing the parties to show cause as to why this action and the determination of Defendant's motion should not be stayed pending the Ninth Circuit's decision in Appeal No. 15-56943, *Stewart v. San Luis Ambulance, Inc.*, 878 F.3d 883 (9th Cir. 2017). (ECF No. 24.) This Court explained that it expects a ruling in *Stewart* may be dispositive of the instant matter because the Ninth Circuit had recently ordered the parties in *Stewart* to file supplemental briefs regarding the effects of Proposition 11 and its retroactivity.

Both parties filed written responses to this Court's order to show cause. (ECF Nos. 25, 26.) Defendant agrees the interests of judicial economy and efficiency would be well-served by a stay pending the Ninth Circuit's decision in *Stewart*. (ECF No. 26 at 2.) Plaintiff, on the other hand, opposes a stay. (ECF No. 25.) Notably, Plaintiff does not contest that the issues currently before the Ninth Circuit in *Stewart* bear on the merits of her claims. Instead, Plaintiff argues this Court will not reach the merits of her claims because "the sole issue before this Court is whether Silva's claims are preempted by § 301." (*Id.* at 2, 5.) More specifically, Plaintiff argues the Court has only two options at this juncture: (1) reverse its preemption finding and remand the action to state court due to lack of jurisdiction; or (2) uphold its preemption finding and grant the pending motion because she failed to exhaust the grievance and arbitration procedures of the collective bargaining agreement ("CBA") before bringing her claims.[2] (*Id.* at 2.)

///

---

[2] The Court notes Plaintiff made a similar argument in her opposition to the instant motion. (ECF No. 16 at 19.) While this was not one of Defendant's initial arguments, Defendant did point out in its motion that Plaintiff was required to exhaust the grievance and arbitration procedures of the CBA. (ECF No. 14-1 at 9.) In reply, Defendant agreed that Plaintiff's failure to exhaust is grounds for dismissal. (ECF No. 20 at 18.)

**II.     STANDARD OF LAW**

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief.  *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a Rule 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010).  Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment.  *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

**III.     ANALYSIS**

Plaintiff spends much of her opposition vigorously challenging the Court's previous order denying remand.  In denying Plaintiff's motion for remand, the Court determined that § 301 preempts Plaintiff's state law claims.  (ECF No. 11 at 4–5.)  Plaintiff argues that unless the Court reverses its preemption decision, the Court must dismiss her claims because she did not exhaust the grievance and arbitration provisions of the CBA before filing suit.  (ECF No. 16 at 8.)

///

4

Despite Plaintiff's current insistence that the Court's preemption decision was incorrect, the Court notes that Plaintiff did not file a properly noticed motion for reconsideration. Nor does Plaintiff raise any intervening grounds for remand. Instead, Plaintiff uses her opposition to repeat essentially the same arguments that were already rejected by this Court. The Court is not persuaded by Plaintiff's efforts to relitigate her denied motion to remand in this manner. Therefore, the Court declines to revisit its finding that § 301 preempts Plaintiff's state law claims.

Having already found that § 301 preempts Plaintiff's claims, the issue before the Court is whether Plaintiff's claims must be dismissed for failure to exhaust grievance and arbitration procedures under the CBA. "Prior to bringing suit, an employee seeking to vindicate personal rights under a collective bargaining agreement must first attempt to exhaust any mandatory or exclusive grievance procedures provided in the agreement." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985–86 (9th Cir. 2007) (citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987)). Therefore, "once a state law claim has been found substantially dependent upon analysis of a CBA . . . most often 'that claim must either be treated as a § 301 claim or dismissed as preempted by federal labor-contract law.'" *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1034 (9th Cir. 2016) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)); *see also Soremekun*, 509 F.3d at 986 ("[I]n the ordinary case, an employee's failure to exhaust contractually mandated procedures precludes judicial relief for breach of the collective bargaining agreement and related claims.").

Plaintiff did pursue grievance and arbitration procedures against Defendant in 2015 for her termination, but the parties disagree as to whether the resulting settlement agreement in 2016 covers her current wage claims. (ECF No. 14-3.) The settlement agreement states the following: (1) Defendant and the Union have a CBA; (2) Plaintiff was employed by Defendant from June 12, 2013 until May 21, 2014, when she was terminated; (3) the Union filed a grievance pursuant to the terms of the CBA protesting the termination; (4) the matter proceeded through arbitration before Catherine Harris, who issued her decision on October 16, 2015, reinstating Plaintiff with back pay; (5) disputes arose between the parties regarding the arbitrator's ordered remedy; (6) the parties desired to compromise and finally settle and resolve all remedial controversies between

them; (7) Plaintiff waived reinstatement and released any claims she may have had under the award for reinstatement by Defendant; and (8) Defendant agreed to pay Plaintiff a settlement — designated as wages — of all CBA issues raised before the arbitrator including Defendant's termination of Plaintiff.  (*Id.* at 81–82.)

Although Defendant argues Plaintiff released her wage claims in the settlement agreement, nothing in the settlement agreement specifically mentions "on call" rest periods or wage claims.  Rather, it appears the settlement agreement only covers claims specifically related to Plaintiff's termination and reinstatement.  But even if the settlement agreement covered Plaintiff's current wage claims, the agreement states "[a]ny dispute between the parties regarding this settlement agreement shall be resolved through the grievance and arbitration procedure in the CBA."  (*Id.* at 82.)  Therefore, whether or not Plaintiff released her wage claims in the settlement agreement, the result is the same: Plaintiff was required to exhaust the grievance procedures set forth in the CBA.  (*See id.* at 30–31.)  Plaintiff repeatedly concedes she failed to do so.  (ECF No. 16 at 8, 18, 21; ECF No. 25 at 4, 5.)  Plaintiff does not argue her failure to exhaust should be excused, she does not request leave to amend, and she does not give the Court any reason to believe she can cure the defective pleading.  As such, the Court will dismiss Plaintiff's wage claim and derivative claims with prejudice.  *See Kobold*, 832 F.3d at 1034; *see also Soremekun*, 509 F.3d at 986.

### IV.    CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings (ECF No. 14) and DISMISSES Plaintiff's claims with prejudice.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  May 12, 2020

Troy L. Nunley
United States District Judge

6